Elmer HOSKINS and Grace I. Hoskins, Plaintiffs-Appellants,

v.

UNITED STATES FIRE INSURANCE COMPANY, a foreign corporation and Badger Paper Company, a Wisconsin Corporation, Defendants-Third Party Plaintiffs,

CONTINENTAL CASUALTY COMPANY, a Foreign Corporation, Defendant-Respondent-Cross Appellant,

TWEET-GAROT MECHANICAL, INC., a Wisconsin Corporation, Defendant-Respondent-Cross Appellant-Petitioner,†

AMERICAN CASUALTY COMPANY OF READING, PA, a Foreign Corporation and VDH Electric, Inc., a Wisconsin Corporation, Defendants,

v.

UNITED STATES FIDELITY & GUARANTY COMPANY, a Foreign Corporation, Defendant-Third Party Defendant,

OSCAR J. BOLDT CONSTRUCTION COMPANY, INC., Third Party Defendant-Cross Respondent.

Supreme Court

*No. 91–2957. Submitted on briefs November 30, 1993.—Decided January 12, 1994.*

(Also reported in 509 N.W.2d 432.)

†Motion for reconsideration denied.

For the defendant-respondent-cross appellant-petitioner there were briefs by *Terence J. Bouressa, Donald L. Romundson* and *Liebmann, Conway, Olejniczak & Jerry, S.C.,* Green Bay.

For the Third Party Defendant-Cross Respondent there was a brief by *Michael J. Kirschling* and *Schober & Ulatowski, S.C.,* Green Bay.

For the plaintiffs-appellants there was a brief by *Hope K. Olson* and *Previant, Goldberg, Uelmen, Gratz, Miller & Brueggeman, S.C.,* Milwaukee.

PER CURIAM. Upon consideration of the briefs submitted by counsel on this review,

IT IS ORDERED, this review is dismissed as improvidently granted.

SHIRLEY S. ABRAHAMSON, J. *(dissenting).* The petition for review set forth the following issue for review: Did the court of appeals fail to apply the correct standard of review to this jury verdict? The respondents agreed this was the issue but argued it was not worthy of this court's review. At least three justices concluded that the petition for review should be granted, and it was. Section 809.62(1), Stats. 1991–92, indicates criteria that will be considered in ruling on a petition for a review, but they "neither control . . . nor measure . . . the court's discretion."

In accordance with the rules of appellate practice and our internal operating procedures, the parties filed briefs in this court, the case was submitted to the court, and the court deliberated on the case. The litigants and the court have expended time, effort and money on the

assumption that the case would be heard and decided on the merits. The court should not at this late stage of the appellate proceeding dismiss the petition for review as having been improvidently granted without setting forth the reason for dismissal.[*]

The issue clearly presented in the petition for review is just as clearly presented in the briefs filed by the parties. No surprises have arisen in this case. While some justices may now have second thoughts about deciding the issue presented for review, second thoughts do not, in my opinion, justify dismissing the review as improvidently granted without an intervening change of circumstances.

For the reasons set forth, I dissent from the dismissal and would decide the case.

STEINMETZ, J. *(dissenting)*. The majority orders that the petition for review be dismissed as improvidently granted. The basis for such order is normally that the court will not be able to reach the issue for which we accepted the petition. That is not the case here. While we must review the sufficiency of the evidence, we are required to do so only to decide whether

---

[*]The court has not been consistent about giving an explanation for dismissing a petition for review as improvidently granted. For dismissals where an explanation was given, *see, e.g., Arbitron Co. Div. of Control Data Corp. v. Fall Broadcasting Corp.,* 108 Wis. 2d 745, 324 N.W.2d 431 (1982); *Furuseth v. Lowe,* 101 Wis. 2d 565, 304 N.W.2d 766 (1981). For dismissals where no explanation was given, *see, e.g., Szwalkiewicz v. Gorski Tool & Mfr. Corp.,* 104 Wis. 2d 755, 318 N.W.2d 404 (1981) (Abrahamson, J. dissenting); *State v. Frankforter,* 101 Wis. 2d 740, 309 N.W.2d 845 (1981) (Abrahamson, J. dissenting); *City of Racine v. Schwartz,* 95 Wis. 2d 745, 293 N.W.2d 925 (1980) (Abrahamson, J. dissenting).

the court of appeals improperly supplanted the jury verdict which was upheld by the trial court on motions after verdict.

The court should reach the issue for which we accepted the petition: Did the court of appeals exceed its authority? In my opinion, we also accepted this petition because the court of appeals' decision is in conflict with prior decisions of this court. *See* sec. 809.62(1)(d), Stats.

An appellate court should only review a jury verdict to determine if there is any credible evidence that would support the verdict. *Roach v. Keane,* 73 Wis. 2d 524, 536, 243 N.W.2d 508 (1976). The jury heard the following evidence at trial. To begin with, the plaintiff could not clearly explain how the accident happened. He could not remember how many workers were around the accident site during the period immediately preceding his accident or what trades were represented there. He did not remember seeing anyone working in the area.

In addition, the plaintiff could not recall seeing any rust on the pipe hangers. In fact, he stated, "I didn't even pay that much attention to the hanger really to be honest with you."

The plaintiff stated that during his eight-hour shift he did not see anyone working on the pipe that ultimately fell. His other testimony is clearly contradictory to that of several other witnesses. The jury heard the testimony and observed the witnesses and could have disregarded the plaintiff's testimony, considering how weak it was.

Both experts and lay witnesses agreed that Tweet-Garot was not negligent in handling the pipes. One independent witness testified that Tweet-Garot did not engage in dropping pipe from hangers to the floor in a

free-fall. Another witness denied that any Tweet-Garot employee was in the vicinity of the accident immediately before it occurred because it happened at shift change. A witness told the jury that an investigation found no witnesses who were at the site of the accident at the time it occurred or who knew anything about the accident.

On cross examination, the plaintiff's expert admitted that he had no relevant background from which to reach his conclusions. His credibility was also for the jury to determine.

Witnesses discussed various possible ways of taking the pipe down. No witness was certain as to which method Tweet-Garot in fact used. However, the testimony made it clear that free-falling is one method that was not used. The plaintiff's theory, that a pipe fell hitting the frame the plaintiff was building, assumed that Tweet-Garot used the free-fall method.

The plaintiff argued that Tweet-Garot was negligent because it cut pipes and then left them in their hangers for a period of time before removing them. However, one expert testified that allowing pipes to hang after cutting them is common. The hangers are designed to carry the weight of the pipe and the water and stock in the pipe. There was testimony that cutting the pipe and allowing it to hang in the hangers met industry standards and is commonly done.

The jury found no liability against any defendants, including Tweet-Garot. The trial court approved this verdict on motions after verdict.

The jury's finding should not be overturned if there is any credible evidence that, under any reasonable view, supports the verdict. *Coryell v. Conn,* 88 Wis. 2d 310, 315, 276 N.W.2d 723 (1979). When the trial court has reviewed the evidence, reviewing courts must be

especially loathe to interfere. *Roach v. Keene,* 73 Wis. 2d at 539. This court should decide if the jury verdict is supported by credible evidence. The court of appeals apparently examined the evidence for support for a finding which the jury could have reached but did not. The court improperly reviewed all of the evidence under a "great weight and clear preponderance" standard, rather than examining the record to establish if *any* credible evidence supported the jury verdict. In so doing, the court of appeals essentially retried the case.

I dissent to the order dismissing the review as improvidently granted and would decide the case on its merits as to the issue in the petition for review granted by this court.