STATE of Wisconsin,
Plaintiff-Respondent-Petitioner,

v.

Jordan L. GAJEWSKI,
Defendant-Appellant.

Supreme Court

*No. 2007AP1849–CR. Oral argument January 8, 2009.
—Decided March 3, 2009.*

2009 WI 22

(Also reported in 762 N.W.2d 104.)

1

For the plaintiff-respondent-petitioner the cause was argued by *Christopher G. Wren,* assistant attorney general, with whom on the briefs was *J.B. Van Hollen,* attorney general.

For the defendant-appellant there was a brief by *Steven L. Miller* and *Miller & Miller,* River Falls, and oral argument by *Steven L. Miller.*

¶ 1. PER CURIAM. After examining the record and the briefs of the parties, and after hearing oral argument, we conclude that the petition for review was improvidently granted.

¶ 2. The defendant-appellant was convicted of one count of violating Wis. Stat. § 940.225(3), which establishes the Class G felony of third-degree sexual assault. The case was tried to a jury on August 17–18, 2006, in Marathon County Circuit Court. The Honorable Dorothy Bain presided.

¶ 3. On June 1, 2007, the defendant filed a postconviction motion claiming he had been deprived of the effective assistance of trial counsel. On July 13 Circuit Judge Patrick M. Brady, who had sentenced the defen-

dant, conducted a *Machner*[1] hearing and listened to testimony from trial counsel, the defendant, the alleged victim, and two others. Judge Brady then denied the motion.

¶ 4.   On May 6, 2008, in an unpublished opinion, *State v. Gajewski,* No. 2007AP1849–CR, unpublished slip op. (Wis. Ct. App. May 6, 2008), the court of appeals reversed.

¶ 5.   We granted the State's petition for review, which contended that the court of appeals "failed to identify [the defendant]'s burden of proof for establishing his claim of ineffective assistance of counsel and failed to analyze [the defendant]'s postconviction proof according to that burden."

¶ 6.   The State posed two additional issues:

> 2. Whether, in reversing [the defendant]'s sexual-assault conviction, the court of appeals erred as a matter of law in applying *Strickland*'s "objective standard of reasonableness"[2] when, by ignoring clear evidence that [the defendant] withheld critical evidence from his lawyer, the court relieved [the defendant] of responsibility for withholding the evidence and thus functionally rejected *Strickland*'s admonition that "[t]he reasonableness of counsel's actions may be determined or substantially influenced by the defendant's own statements or actions."[3]

> 3. Whether, in reversing [the defendant]'s sexual-assault conviction, the court of appeals erred as a matter of law by failing to view the record in the light

---

[1] *State v. Machner,* 92 Wis. 2d 797, 285 N.W.2d 905 (Ct. App. 1979).

[2] *Strickland v. Washington,* 466 U.S. 668, 688 (1984).

[3] *Id.* at 691.

most favorable to the circuit court's decision rejecting [the defendant]'s ineffective-assistance claim.

¶ 7. This case involves an alleged sexual assault during a teenage, coed sleepover party at a private home. The defendant and the alleged victim were among five guests at the home, four of whom were sleeping in the same room. The alleged victim claimed that the defendant had intercourse with her without consent. She testified that she repeatedly told the defendant "No." However, the other persons in the room were not awakened and did not learn of the alleged assault until later. The alleged victim did not file a complaint against the defendant for more than a week, and she reportedly had contact with the defendant in the interim.

¶ 8. There is ample evidence to support the act of intercourse, but the characterization of that act turned on whether the jury believed the alleged victim's story. By virtue of the verdict, it did.

¶ 9. The defendant's post-conviction motion claimed that trial counsel should have developed certain information provided by the defendant that would have secured one or more additional witnesses, enhanced counsel's cross-examination of the alleged victim, and formulated a clear motive to explain the alleged victim's somewhat belated accusation of sexual assault.

¶ 10. At trial, this case turned on the credibility of the young woman who testified that she had been sexually assaulted. A circuit judge who did not preside at that trial assessed the evidence presented at the *Machner* hearing. The court of appeals assessed the *Machner* evidence differently. The State asks us to jump into this morass in order to clarify and put a gloss on

longstanding principles for evaluating the effectiveness of a defendant's counsel at trial. *See generally Strickland,* 466 U.S. 668. After examining the evidence, we decline to do so.

¶ 11.  In the end, this review is more about error correction than law development and more about the significance of undisputed facts than about a need to clarify the law. We conclude that the petition for review was improvidently granted, and we remand the cause to the circuit court in conformity with the decision of the court of appeals.

¶ 12.  *By the Court.*—The review of the decision of the court of appeals is dismissed as improvidently granted.