STATE of Wisconsin, Plaintiff-Appellant,

v.

Anthony Michael WELDA,
Defendant-Respondent-Petitioner.

Supreme Court

*No. 2007AP2024–CR. Oral argument April 16, 2009.
—Decided May 19, 2009.*

2009 WI 35

(Also reported in 765 N.W.2d 555.)

For the defendant-respondent-petitioner the cause was argued by *Walter H. Isaacson,* assistant state public defender, with whom on the briefs was *Barbara L. Gerber,* assistant state public defender.

For the plaintiff-appellant the cause was argued by *Katherine Desmond Lloyd,* assistant attorney general, with whom on the brief was *J.B. Van Hollen,* attorney general.

An amicus curiae brief was filed by *Robyn S. Shapiro* and *Drinker Biddle & Reath LLP,* Milwaukee; *Bradley J. Andreozzi, Mark S. Melickian, Lionel W. Weaver,* and *Drinker Biddle & Reath LLP,* Chicago, Ill.; *Deborah R. Cohen* and *Anti-Defamation League,* New York, N.Y.; and *Clare M. Pinkert* and *Anti-Defamation League,* Chicago, Ill., on behalf of the Anti-Defamation League.

¶ 1. PER CURIAM. The defendant, Anthony Michael Welda, petitioned for review of a decision of the court of appeals reversing an order of the Circuit Court for Rock County, James P. Daley, Judge.[1] We granted the petition for review, heard oral argument, and now conclude that the petition for review was improvidently granted.

¶ 2. In September 2006 the State filed a criminal complaint against the defendant, charging him with disorderly conduct contrary to Wis. Stat. § 947.01 (2005–06).[2] The complaint also charged the defendant with a hate-crime penalty enhancer under Wis. Stat.

---

[1] *State v. Trappe,* Nos. 2007AP2021–CR, 2007AP2024–CR, 2007AP2027–CR, unpublished slip op. (Wis. Ct. App. July 24, 2008).

[2] All subsequent references to the Wisconsin Statutes are to the 2005–06 version unless otherwise indicated.

§ 939.645(1) and (2)(a).[3] The defendant filed a motion to dismiss the complaint against him, as well as a separate motion seeking to dismiss the hate-crime penalty enhancer independent of the underlying disorderly conduct charge.

¶ 3. The circuit court denied the defendant's motion to dismiss the complaint but granted the motion to dismiss the penalty enhancer. The State successfully petitioned for leave to appeal the circuit court's nonfinal order dismissing the penalty enhancer. The defendant did not petition for leave to appeal the nonfinal ruling denying his motion to dismiss the complaint. The disorderly conduct charge remains pending against the defendant.

¶ 4. In his brief to the court of appeals, the defendant urged that the circuit court's order dismissing the hate-crime penalty enhancer should be affirmed because application of the penalty enhancer in the

---

[3] Wisconsin Stat. § 939.645 provides in relevant part as follows:

(1) If a person does all of the following, the penalties for the underlying crime are increased as provided in sub. (2):

(a) Commits a crime under chs. 939 to 948.

(b) Intentionally selects the person against whom the crime under par. (a) is committed or selects the property that is damaged or otherwise affected by the crime under par. (a) in whole or in part because of the actor's belief or perception regarding the race, religion, color, disability, sexual orientation, national origin or ancestry of that person or the owner or occupant of that property, whether or not the actor's belief or perception was correct.

(2)

(a) If the crime committed under sub. (1) is ordinarily a misdemeanor other than a Class A misdemeanor, the revised maximum fine is $10,000 and the revised maximum term of imprisonment is one year in the county jail.

present case would result in a multiplicity of punishment contrary to the Fifth Amendment to the United States Constitution and Article I, Section 8 of the Wisconsin Constitution. The court of appeals rejected the defendant's multiplicity argument and reversed the circuit court.

¶ 5. The defendant presented one issue in his petition for review to this court, namely the issue relating to multiplicitous punishment that was decided by the court of appeals. We granted the defendant's petition but ordered the parties to address two additional issues in their briefs to this court:

(1) Does the hate-crime penalty enhancer, as applied to the defendant in the present case, violate the First Amendment to the United States Constitution in light of the United States Supreme Court's decision in *R.A.V. v. City of St. Paul*, 505 U.S. 377 (1992)?

(2) Is this case a "speech only" disorderly conduct case or could the facts support a disorderly conduct charge based on the defendant's actions in addition to his speech?

¶ 6. The parties agree in their briefs before this court that the present case should be viewed as a "speech only" disorderly conduct case. They do not agree whether the hate-crime penalty enhancer is unconstitutional as applied to the defendant.

¶ 7. After examining the record and the briefs of the parties, and after hearing oral argument, we have determined that it would be premature for this court to decide whether the hate-crime penalty enhancer is unconstitutional as applied to the defendant in the present case. The facts relating to the defendant's conduct have not been fully developed at this early stage in the proceedings. Furthermore, it is uncertain

whether the defendant will be convicted of disorderly conduct. If the defendant is not convicted of disorderly conduct, the issues relating to the penalty enhancer will be moot.

¶ 8. Although it would not be premature to review the issue that was decided by the court of appeals and was raised in the defendant's petition for review, that issue is not one upon which we would have granted review. The court accepted review of this case primarily to address the issue of constitutional law that the court itself raised in our order granting the defendant's petition.

¶ 9. For the reasons set forth, we conclude that review in this case was improvidently granted, and we dismiss the petition for review. The matter is remanded to the circuit court for further proceedings not inconsistent with this opinion.

*By the Court.*—The review of the decision of the court of appeals is dismissed.