SHIRLEY S. ABRAHAMSON, C.J.
¶ 80. (dissenting). I join Justice Prosser's dissent. I write to point out that this review should be dismissed as improvidently granted,[1] and that if review is granted, the prosecutor materially and substantially breached the plea agreement.
*63 ¶ 81. The majority opinion does not decide the issue that was the subject of the State's petition for review, and the State conceded in its petition for review that "although it disagree [d] with the court of appeals' resolution" of "whether the prosecutor's sentencing argument breached the plea agreement," the issue of whether the prosecutor materially and substantially breached the plea agreement "standing alone, likely would not warrant supreme court review."[2]
I
¶ 82. The State sought review, asking this court to decide whether State v. Sprang, 2004 WI App 121, ¶ 2, 274 Wis. 2d 784, 683 N.W.2d 522, a court of appeals decision, should be overturned.
¶ 83. Sprang concluded that it is "tantamount to entering a renegotiated plea agreement without [the defendant's] knowledge or consent" if defense counsel fails to consult with the defendant about counsel's decision not to object to a prosecutor's sentencing remarks that breach a plea agreement.[3]
¶ 84. The majority opinion does not address the Sprang issue. Rather, the only issue the majority opinion addresses is the application of the test set forth in *64 State v. Williams, 2002 WI 1, ¶¶ 38, 43-44, 249 Wis. 2d 492, 637 N.W.2d 733, to determine whether the prosecutor's remarks at sentencing materially and substantially breached the plea agreement.
¶ 85. The parties, the majority opinion, the court of appeals, the circuit court, Justice Prosser's dissent, and I agree that the test set forth in Williams is the correct test to apply in the present case. According to the Williams test, prosecutors must balance two duties: (1) the duty to present all relevant information to the sentencing court; and (2) the duty to honor the plea agreement. "A prosecutor may convey information to the sentencing court that is both favorable and unfavorable to an accused, so long as the State abides by the plea agreement." Williams, 249 Wis. 2d 492, ¶ 44.
¶ 86. I agree with the State's assessment that the petition for review in the present case should not have been granted to decide the sole issue of the propriety of the prosecutor's remarks. I would therefore dismiss the petition as improvidently granted.
II
¶ 87. Because the court is unwilling to dismiss the matter, I write to agree with the decision of the court of appeals that the prosecutor's sentencing remarks materially and substantially breached the plea agreement.[4] A prosecutor's "implying] that [the defendant] should receive a harsher sentence" is a material and substantial breach of the plea agreement.[5]
¶ 88. I have examined all three of the prosecutor's comments at issue in the instant case and conclude, as *65 did the court of appeals and Justice Prosser's dissent, that the prosecutor implied to the sentencing court that the defendant deserved a harsher sentence than that recommended in the plea agreement, thus materially and substantially breaching the plea agreement. Accordingly, I dissent.
¶ 89. The implications of the prosecutor's comments at sentencing are at issue here. The three comments made by the prosecutor at sentencing are as follows.
¶ 90. After the prosecutor recited the maximum penalties in the sentencing agreement, the prosecutor stated:
I think the felony classifications obviously indicate the extreme seriousness of these offenses that night. But to be honest, I don't think they really do them justice in terms of how serious this was.
¶ 91. The prosecutor read the victim's letter at sentencing and commented on the letter as follows:
[T]here's the need to protect the public or the public's interest in rehabilitation of the defendant and I think this overwhelmingly comes down the protection of the public interest. The protection of the public, being Sherry [sic] Bokenyi and their son. They have a right, as she says in her letter, to live fearlessly while their son is growing up and in school. She has a right to live not in fear that Mr. Bokenyi, when he gets out, is going to come looking for her and to finish what he's attempted at least one other time before.
*66 ¶ 92. The prosecutor editorialized on the "jail incident report" as follows:
What is again perhaps the most frightening for me is to read an incident report from the Polk County Jail.... [The defendant threatened] to "shoot up some cops".. . and... anyone who got in his way.... There is an absolute necessity to protect the public from William Bokenyi.
¶ 93. The defendant argues that these comments insinuate that the plea agreement's recommended sentence would be insufficient. The majority opinion responds that the defendant's argument fails because the prosecutor has imparted relevant information for a court to consider. Majority op., ¶¶ 44, 51, 71. The majority opinion emphasizes relevance, not the prosecutor's duty to honor the plea agreement by effectively communicating that the prosecutor believed the plea agreement's recommended sentence was appropriate.[6]
¶ 94. I appreciate that often there may be a "fine line" between conveying relevant information and breaching the plea agreement.[7] Nevertheless I conclude that in the instant case each comment separately and the three comments together implied that the prosecutor believed the defendant deserved a sentence harsher than the plea agreement's recommended sentence. Thus, the prosecutor materially and substantially breached the plea agreement.
¶ 95. I would add to the court of appeals decision and Justice Prosser's dissent the admonition that because "[t]he reality is that plea bargains have become . .. central to the administration of the criminal *67 justice system. . . and ours 'is for the most part a system of pleas, not a system of trials,' "[8] prosecutors, defense counsel, and circuit courts must carefully and wholly fulfill their respective responsibilities in the plea agreement process.
¶ 96. For the reasons set forth, I dissent and would remand the cause for a new sentencing hearing.
¶ 97. I am authorized to state that Justice ANN WALSH BRADLEY joins this opinion.

 "In the end, this review is more about error correction than law development and more about the significance of *63 undisputed facts than about a need to clarify the law." State v. Gajewski, 2009 WI 22, ¶ 11, 316 Wis. 2d 1, 762 N.W.2d 104 (per curiam).
See also Nedvidek v. Kuipers, 2009 WI 44, ¶ 4, 317 Wis. 2d 340, 766 N.W.2d 205 (dismissing petition for review as improvidently granted "because the issues for which we took the case do not present any novel questions or lead to the development of the law").

 State's Petition for Review and Appendix at 4.

 State v. Sprang, 2004 WI App 121, ¶ 29, 274 Wis. 2d 784, 683 N.W.2d 522.

 State v. Bokenyi, No. 2012AP2557, unpublished slip op., ¶ 11 (Wis. Ct. App. June 18, 2013).

 State v. Liukonen, 2004 WI App 157, ¶ 17, 276 Wis. 2d 64, 686 N.W.2d 689.
*65 The Williams test prevents commentary from "implicitly conveying the message that [the prosecutor] was questioning the wisdom of the plea agreement." State v. Williams, 2002 WI 1, ¶ 39, 249 Wis. 2d 492, 637 N.W.2d 733.

 See Liukonen, 276 Wis. 2d 64, ¶ 16.

 See Williams, 249 Wis. 2d 492, ¶ 44.

 Missouri v. Frye, 132 S. Ct. 1399, 1407 (2012) (quoting Lafler v. Cooper, 132 S. Ct. 1376, 1388 (2012)).