# SUPREME COURT OF WISCONSIN

| | |
|---|---|
| CASE NO.: | 2015AP1904 |
| COMPLETE TITLE: | Mark Halbman,<br><div align="center">Plaintiff-Appellant-Petitioner,</div><br>v.<br>Mitchell J. Barrock D/B/A Barrock & Barrock,<br><div align="center">Defendant-Respondent.</div> |

<div align="center">REVIEW OF A DECISION OF THE COURT OF APPEALS<br>Reported at 372 Wis. 2d 458, 888 N.W.2d 247<br>(2016 – Unpublished)</div>

| | |
|---|---|
| OPINION FILED: | October 12, 2017 |
| SUBMITTED ON BRIEFS: | |
| ORAL ARGUMENT: | September 12, 2017 |

| | |
|---|---|
| SOURCE OF APPEAL: | |
| COURT: | Circuit |
| COUNTY: | Milwaukee |
| JUDGE: | Dennis P. Moroney |

| | |
|---|---|
| JUSTICES: | |
| CONCURRED: | ABRAHAMSON, J. concurs, joined by A.W. BRADLEY, J. |
| DISSENTED: | |
| NOT PARTICIPATING: | |

ATTORNEYS:

For the plaintiff-appellant-petitioner, there were briefs filed by *Robert A. Levine*, *Jonathan J. Cattey*, and *Law Offices of Robert A. Levine*, Milwaukee. There was an oral argument by *Robert A. Levine.*

For the defendant-respondent, there was a brief filed by *Mitchell Barrock* and *Barrock & Barrock*, Brookfield. There was an oral argument by *Mitchell Barrock.*

NOTICE

**This opinion is subject to further editing and modification. The final version will appear in the bound volume of the official reports.**

No. 2015AP1904
(L.C. No.  2011CV4993)

STATE OF WISCONSIN       :      IN SUPREME COURT

**Mark Halbman,**

      **Plaintiff-Appellant-Petitioner,**

  **v.**

**Mitchell J. Barrock D/B/A Barrock & Barrock,**

      **Defendant-Respondent.**

**FILED**

**OCT 12, 2017**

Diane M. Fremgen
Clerk of Supreme Court

REVIEW of a decision of the Court of Appeals. *Dismissed as improvidently granted.*

¶1    PER CURIAM.  Mark Halbman petitioned for review of the decision of the court of appeals, Halbman v. Barrock, No. 2015AP1904, unpublished slip op. (Wis. Ct. App. Oct. 12, 2016), affirming the circuit court's order dismissing Halbman's legal malpractice cause of action against Attorney Mitchell J. Barrock for failure to satisfy his prima facie burden of proof as to damages.  After reviewing the record and the briefs of both parties, and after hearing oral arguments, we conclude that this matter should be dismissed as improvidently granted.

¶2 *By the Court.*—The review of the decision of the court of appeals is dismissed as improvidently granted.

¶3    SHIRLEY S. ABRAHAMSON, J.   *(concurring).*    I agree that review was improvidently granted and should be dismissed.

¶4    I do not join the per curiam opinion.    I write separately because I believe the court should explain its dismissal to the litigants and to the public.

¶5    The parties have, at this court's request, expended significant time, effort, and money in submitting briefs and participating in oral argument in this court on the assumption that the case would be heard and decided on the merits.    The parties and the public, in my opinion, are owed an explanation of the court's dismissal at this stage of the appellate proceedings without a decision on the merits.

¶6    In recent years this court has often offered an explanation of a dismissal of a matter as improvidently granted; this practice has not been entirely consistent.[1]    The United States Supreme Court also has not been consistent in explaining its reasons for dismissing a writ of certiorari as improvidently granted.[2]

---

[1] For a published explanation by this court of its dismissal of a matter as improvidently granted, see, for example, Nedvidek v. Kuipers, 2009 WI 44, 317 Wis. 2d 340, 766 N.W.2d 205; State v. Welda, 2009 WI 35, 317 Wis. 2d 87, 765 N.W.2d 555; State v. Gajewski, 2009 WI 22, 316 Wis. 2d 1, 762 N.W.2d 104; State v. Townsend, 2007 WI 31, 299 Wis. 2d 672, 728 N.W.2d 342.

[2] For an explanation of the practice of the United States Supreme Court in dismissal of a writ of certiorari as improvidently granted, including a list of reasons given in various cases for dismissing previously granted petitions, see Stephan M. Shapiro et al., Supreme Court Practice § 5.15 at 358-363, 368, 511 (10th ed. 2013).

(continued)

¶7 I shall explain the background of the case and my reasons for concurring in the dismissal as improvidently granted.

¶8 Mark Halbman's petition for review (which at least three members of the court voted to grant) relates to Halbman's claim of legal malpractice against his former attorney, Mitchell J. Barrock, and presented the following two issues for this court's review:

1. Whether the court of appeals erred in affirming the circuit court's grant of the defendant's Motion to Dismiss on the basis that the plaintiff had failed to establish a prima facie case as to damages.

2. Whether the circuit court erred in ruling that the value of the plaintiff's underlying case was conclusively established at the second trial and therefore, precluding the plaintiff from introducing evidence of the first jury verdict of $182,250.00.

¶9 Attorney Barrock responded to the petition for review by letter as follows:

[T]he only issues of malpractice are those caused by attorney Levine [representing Halbman] in his negligently failing to subpoena necessary witnesses to prove his case in chief . . . . [T]he Court of Appeals properly denied [Halbman's] appeal and Motion for Reconsideration and there are no new issues for the Supreme Court to review.

¶10 After reviewing the record and briefs of both parties, having heard oral argument, and having participated in

---

For an explanation by the United States Supreme Court in dismissal of a writ of certiorari as improvidently granted, see, for example, Adarand Constructors, Inc. v. Mineta, 534 U.S. 103 (2001); Izumi v. U.S. Phillips Corp., 510 U.S. 27 (1993); New York v. Uplinger, 467 U.S. 246 (1984).

2

discussion with members of the court, I conclude that this matter should be dismissed as improvidently granted.

¶11 The basic issue for this court is whether Halbman failed to present the requisite evidence to support a damage award in his favor. The court of appeals examined the record and concluded that Halbman, the plaintiff, failed to carry his burden of proving damages and that the circuit court did not err in dismissing the case at the close of Halbman's case-in-chief.

¶12 The review should be dismissed as improvidently granted because the issues for which we took the case do not present any real or significant questions of federal or state law or lead to developing, clarifying, or harmonizing the law. Cf. Wis. Stat. § 809.62(1r) (Criteria for granting review). Further review by this court and publication of an opinion by this court would not serve any purpose.

¶13 For the reasons set forth I write separately, concurring in the dismissal.

¶14 I am authorized to state that Justice ANN WALSH BRADLEY joins this opinion.

3