# SUPREME COURT OF WISCONSIN

| | |
|---|---|
| CASE NO.: | 2019AP2073 |

| | |
|---|---|
| COMPLETE TITLE: | In the matter of the mental commitment of S.N.W.: |

Fond du Lac County,
      Petitioner-Respondent,
   v.
S.N.W.,
      Respondent-Appellant-Petitioner.

REVIEW OF DECISION OF THE COURT OF APPEALS
Reported at 393 Wis. 2d 596,947 N.W.2d 655
(2020 – unpublished)

| | |
|---|---|
| OPINION FILED: | May 7, 2021 |
| SUBMITTED ON BRIEFS: | |
| ORAL ARGUMENT: | March 23, 2021 |

| | |
|---|---|
| SOURCE OF APPEAL: | |
|   COURT: | Circuit |
|   COUNTY: | Fond du Lac |
|   JUDGE: | Dale L. English |

JUSTICES:

Per Curiam. ANN WALSH BRADLEY, J., dissent.

NOT PARTICIPATING:

ATTORNEYS:

For the respondent-appellant-petitioner, there were briefs filed by *Megan Sanders-Drazen*, assistant state public defender. There was an oral argument by *Megan Sanders-Drazen*.

For the petitioner-respondent, there was a brief filed by *Chelsea Belinda Brocker*, corporation counsel. There was an oral argument by *Chelsea Belinda Brocker*.

NOTICE

This opinion is subject to further editing and modification. The final version will appear in the bound volume of the official reports.

No.  2019AP2073
(L.C. No.  2019ME20)

STATE OF WISCONSIN  :  IN SUPREME COURT

In the matter of the mental commitment of
S.N.W.:

Fond du Lac County,

     Petitioner-Respondent,

  v.

S.N.W.,

     Respondent-Appellant-Petitioner.

**FILED**

**MAY 7, 2021**

Sheila T. Reiff
Clerk of Supreme Court

---

REVIEW of a decision of the Court of Appeals. *Dismissed as improvidently granted.*

¶1  PER CURIAM.  S.N.W. petitioned for review of the decision of the court of appeals, Fond du Lac Cnty. v. S.N.W., No. 2019AP2073, unpublished slip op. (Wis. Ct. App. June 17, 2020), affirming the circuit court's orders for involuntary commitment and involuntary medication and treatment.  After reviewing the record and the briefs of both parties, and after hearing oral arguments, we conclude that this matter should be dismissed as improvidently granted.

*By the Court.*—The review of the decision of the court of appeals is dismissed as improvidently granted.

¶2   ANN WALSH BRADLEY, J.   *(dissenting).*   Dismissing a case as improvidently granted is thankfully an uncommon occurrence in this court.   An examination of such dismissals issued in recent years reveals a largely inconsistent practice with regard to whether this court provides any explanation for its decision.

¶3   I write separately because I believe that this court should explain to the litigants and public the reason for its dismissal.   The litigants, after all, have expended substantial effort and resources arguing the case before us.

¶4   Additionally, I write because this case implicates substantial rights and presents important questions of mental health commitment law.   We granted review in order to address these novel issues of statewide public concern.   And now, without explanation, we dispose of the case in a two-sentence per curiam decision, dismissing the case as improvidently granted.

¶5   Because the per curiam decision dismissing the case is infirm in both form and substance, I respectfully dissent.

I

¶6   The per curiam decision provides:   "After reviewing the record and the briefs of both parties, and after hearing oral arguments, we conclude that this matter should be dismissed as improvidently granted."   This text should ring familiar.   In the 2019-20 term, this court issued two per curiam decisions dismissing cases as improvidently granted, and each provided

1

only identical boilerplate language. State v. Kloss, 2020 WI 26, 390 Wis. 2d 685, 939 N.W.2d 564; Waukesha Cnty. v. J.J.H., 2020 WI 22, 390 Wis. 2d 531, 939 N.W.2d 49.

¶7 However, this dearth of explanation has not always been the norm. For example, in Michael J. Waldvogel Trucking, LLC v. LIRC, the court explained that dismissal as improvidently granted was appropriate because a change in the law rendered the issue in question unlikely to recur and a decision in the case "would not develop or clarify the law." 2012 WI 28, ¶8, 339 Wis. 2d 248, 810 N.W.2d 811.

¶8 Similarly, in Smith v. Anderson, the court examined the issues in the case and ultimately explained that the dismissal as improvidently granted was based on the presence of outstanding coverage questions "for which no argument or briefing was provided" and on the premise that deciding the issues before the court only would "cause confusion and provide no answer to the parties on how they are to proceed." 2017 WI 43, ¶9, 374 Wis. 2d 715, 893 N.W.2d 790. Indeed, in Smith, two separate writings provided further nuanced discussion. See id., ¶¶11-13 (Roggensack, C.J., concurring), ¶¶14-124 (Abrahamson, J., dissenting).[1]

¶9 In some instances in the past where the majority has failed to provide an explanation regarding the reasons for its

---

[1] For additional instances of explanations provided by the court for a dismissal as improvidently granted, see Nedvidek v. Kuipers, 2009 WI 44, 317 Wis. 2d 340, 766 N.W.2d 205; State v. Welda, 2009 WI 35, 317 Wis. 2d 87, 765 N.W.2d 555; State v. Gajewski, 2009 WI 22, 316 Wis. 2d 1, 762 N.W.2d 104; State v. Townsend, 2007 WI 31, 299 Wis. 2d 672, 728 N.W.2d 342.

dismissal as improvidently granted or any analysis, a separate writing has stepped in to fill the void. See Halbman v. Barrock, 2017 WI 91, ¶12, 378 Wis. 2d 17, 902 N.W.2d 248 (Abrahamson, J., concurring); Hoskins v. U.S. Fire Ins. Co., 180 Wis. 2d 534, 535-36, 509 N.W.2d 432 (1994) (Abrahamson, J., dissenting); id. at 536-39 (Steinmetz, J., dissenting).

¶10 The result of the court's inconsistent practice is a lack of guidance for potential litigants and the public, as well as an effective negation of the numerous hours of work and sums of money spent seeking a decision on the merits. Acknowledging the strong public policy rationale behind providing reasons for a dismissal as improvidently granted, the court's general practice should be to provide an explanation for such a dismissal, and as such it should have provided an explanation in this case. It is the least we can do for parties who have expended time, energy, and money seeking a resolution from this court.

II

¶11 I not only take issue with the majority's lack of explanation of its decision, but I also disagree with the decision itself. In my view, we should decide this case on the merits and not dismiss it as improvidently granted.

¶12 Wisconsin Stat. § 51.20(10)(b) provides that "[c]ounsel for the person to be committed shall have access to all psychiatric and other reports 48 hours in advance of the final hearing." In this case, it is undisputed that such a report was filed late.

3

¶13 The issues presented by S.N.W.'s petition for review are as follows: (1) whether the circuit court lacked competency to proceed with the final hearing due to the 48-hour rule violation; (2) if the circuit court retained competency, whether it erred in admitting the tardy report and its author's testimony; (3) whether the evidence presented at S.N.W.'s final hearing was sufficient to prove him dangerous; and (4) whether this appeal is moot.

¶14 Mootness provides no obstacle to our review. Although S.N.W. has passed away, we knew that when we granted the petition for review in this case. In any event, our decision in Langlade County v. D.J.W., 2020 WI 41, ¶26 n.5, 391 Wis. 2d 231, 942 N.W.2d 277, controls. There, citing State v. McDonald, 144 Wis. 2d 531, 532, 424 N.W.2d 411 (1988), which determined in the criminal context that the right to bring an appeal survives the defendant's death, we concluded that the same rule applies to a ch. 51 involuntary commitment proceeding "[g]iven the significant liberty interests at stake." D.J.W., 391 Wis. 2d 231, ¶26 n.5. We should simply apply this rule here.

¶15 Further, even if the case is moot, exceptions to mootness apply that allow for an otherwise moot case to be decided. Because the issues here are of great public importance and are capable of repetition, yet evade review, mootness exceptions are met. See Portage Cnty. v. J.W.K., 2019 WI 54, ¶12, 386 Wis. 2d 672, 927 N.W.2d 509. This case should proceed to a full written opinion.

4

¶16 Issues of great public importance substantially affecting the rights of those subject to mental health commitments should not be curtly discarded by the court with no explanation. Rather, these important issues in mental health commitment law, if decided, will serve to develop the law in a meaningful way. See Wis. Stat. § (Rule) 809.62(1r) (setting forth criteria for granting review, including "[a] decision by the supreme court will help develop, clarify or harmonize the law").

¶17 For the foregoing reasons, I respectfully dissent.