COURT OF APPEALS
DECISION
DATED AND FILED

May 18, 2021

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No.    **2020AP426**

STATE OF WISCONSIN

Cir. Ct. No.  2013ME1668

IN COURT OF APPEALS
DISTRICT I

IN THE MATTER OF THE MENTAL COMMITMENT OF T.L.T.:


MILWAUKEE COUNTY,

      PETITIONER,

  V.

T.L.T.,

      RESPONDENT.


        APPEAL from an order of the circuit court for Milwaukee County: MARSHALL B. MURRAY, Judge. *Dismissed*.

¶1     DUGAN, J.[1]  T.L.T. appeals a one-year recommitment order entered on May 28, 2019, and argues that the circuit court lost its competency when the expert reports bearing on the issue of T.L.T.'s recommitment were not accessible to her counsel within the statutory timeframe.  She further argues that there was insufficient evidence to support the recommitment order.  This court concludes that T.L.T.'s appeal is moot.  Consequently, T.L.T.'s appeal is dismissed.

## BACKGROUND

¶2     A petition pursuant to WIS. STAT. § 51.20 was filed on May 31, 2013, seeking an examination of T.L.T. for purposes of an involuntary commitment.  As described in the petition, T.L.T. suffered from several medical conditions, refused to take her medications, had a string of recent hospitalizations, and needed commitment and involuntary medication and treatment orders to manage her medical conditions.  The circuit court entered a six-month commitment order and an order for involuntary medication and treatment on June 14, 2013.[2]

¶3     T.L.T.'s commitment has been extended on several occasions.  As relevant here, Milwaukee County filed a motion on May 13, 2019, to extend T.L.T.'s commitment for another year.  The circuit court scheduled a hearing for May 24, 2019, and two experts, Dr. Charles Rainey and Dr. Joan Nuttall, were

---

[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2)(d) (2019-20). All references to the Wisconsin Statutes are to the 2019-20 version unless otherwise noted.

[2] The Honorable Victor Manian entered the original orders in this case.  The recommitment order that is the subject of this appeal was entered by the Honorable Marshall B. Murray.

appointed to evaluate T.L.T. Dr. Nuttall e-filed her report on May 21, 2019; Dr. Rainey's report was received on May 22, 2019.[3]

¶4 T.L.T. filed a motion to dismiss arguing that counsel was not given timely access to either report and, therefore, the circuit court lost competency over the matter for a failure to comply with WIS. STAT. § 51.20(10)(b), which requires that counsel have access to the doctors' reports forty-eight hours in advance of the hearing. T.L.T.'s counsel asserted that electronic access to Dr. Nuttall's report was blocked and neither report was ever provided to counsel at her office forty-eight hours in advance of the hearing. In response, the County asserted that both reports were available at the clerk's office by the statutory deadline and T.L.T.'s counsel failed to come to the office to review the reports. The County additionally asserted that its request to extend T.L.T.'s commitment was unaffected by any untimely receipt of these reports because it was able to support its case using only the testimony of the treating physician. The circuit court denied the motion to dismiss and, instead, adjourned the hearing to allow T.L.T.'s counsel time to review the reports.

¶5 The adjourned extension hearing took place four days later on May 28, 2019, and the County presented testimony from T.L.T.'s treating physician in support of the extension. The circuit court ultimately granted the one-year extension, and this appeal followed. Since the time of the appeal, the

---

[3] There is some dispute regarding the receipt of Dr. Rainey's report. The County asserts that Dr. Rainey's report was e-filed. T.L.T. asserts that Dr. Rainey's report was e-mailed to the clerk instead of e-filed. The actual manner in which Dr. Rainey's report was received is irrelevant to our decision, and this court expresses no opinion as to the receipt of Dr. Rainey's report.

recommitment order expired on May 28, 2020, and an additional extension order was entered, which itself expired on February 16, 2021.[4]

## DISCUSSION

¶6      On appeal, T.L.T. argues that the circuit court lost competency to proceed when counsel was not provided with timely access to the reports of Dr. Nuttall and Dr. Rainey.  She further argues that there was insufficient evidence to extend her commitment.  This court declines to address the merits of T.L.T.'s arguments because her appeal is moot.

¶7      "An issue is moot when its resolution will have no practical effect on the underlying controversy."  *Portage Cnty. v. J.W.K.*, 2019 WI 54, ¶11, 386 Wis. 2d 672, 927 N.W.2d 509 (citation omitted).  "Appellate courts generally decline to reach moot issues[.]"  *Id.*, ¶12.  If an appeal raises moot issues, it should be dismissed.  *Id.*  However, in certain circumstances, moot issues may be addressed:

> (1) "the issues are of great public importance;" (2) "the constitutionality of a statute is involved;" (3) the situation arises so often "a definitive decision is essential to guide the trial courts;" (4) "the issue is likely to arise again and

---

[4] This court notes that since the circuit court issued its order granting the one-year extension, the disposition of this appeal has been delayed as a result of multiple extensions and stays.  The time frames of those extensions and stays include:  (1) September 23, 2019, the State Public Defender's Office moved for an extension of time to appoint postcommitment counsel and to order transcripts; (2) November 20, 2019, postcommitment counsel moved for an extension to file transcripts; (3) March 30, 2020, T.L.T. filed her notice of appeal; (4) July 28, 2020, T.L.T. moved to stay the briefing in this appeal until the Wisconsin Supreme Court decided *Waupaca County v. K.E.K.* (K.E.K. asked our supreme court to determine whether the recommitment statute is constitutional.) and this court granted the stay until *K.E.K.* was decided; (5) February 9, 2021, *K.E.K.* was decided, *see id.*, 2021 WI 9, 395 Wis. 2d 460, 954 N.W.2d 366; (6) February 15, 2021, T.L.T. filed her appellate brief; (7) April 14, 2021, the County filed its response brief; and (8) April 30, 2021, T.L.T. filed her reply brief.

should be resolved by the court to avoid uncertainty;" or (5) the issue is "capable and likely of repetition and yet evades review."

*Id.*

¶8    The recommitment order at issue in this appeal was issued almost two years ago on May 28, 2019, and expired almost one year ago on May 28, 2020. Thus, T.L.T. is no longer subject to the recommitment order at issue in this appeal and has, in fact, been the subject of an additional recommitment order, which itself has since expired. "An appeal of an expired commitment order is moot." *Id.*, ¶14. Thus, T.L.T. must demonstrate that her appeal fits one of the exceptions listed above.

¶9    T.L.T.'s first argument on appeal deals with the interpretation of the filing requirements contained in WIS. STAT. § 51.20(10)(b) and the circuit court's competency over the proceedings when counsel was not provided access to the doctors' reports forty-eighty hours in advance of the hearing. This court has already addressed this issue in *Fond du Lac County v. S.N.W.*, No. 2019AP2073, unpublished slip op. (WI App June 17, 2020), *review dismissed as improvidently granted*, 2021 WI 41, ___ N.W.2d ___. There, this court concluded that WIS. STAT. § 51.20(10)(b) "does not affect the court's competency to exercise jurisdiction" and the "failure to submit the examination report more than forty-eight hours prior to the final hearing did not affect S.N.W.'s substantial rights." *S.N.W.*, No. 2019AP2073, at 3. Another decision by this court on this issue would have no more impact than our existing decision in *S.N.W.*, which was itself an

5

unpublished opinion decided by one judge.[5] Thus, this court declines to address T.L.T.'s first argument on the grounds that it is moot and fails to meet any of the exceptions.

¶10 T.L.T. raises a second argument on appeal about the sufficiency of the evidence to support the recommitment order and argues that a decision in her case will clarify our supreme court's recent decision in ***Langlade County v. D.J.W.***, 2020 WI 41, 391 Wis. 2d 231, 942 N.W.2d 277. However, an argument regarding the sufficiency of the evidence is necessarily a "fact-specific" inquiry where "the sufficiency of the evidence will be different in each case." ***J.W.K.***, 386 Wis. 2d 672, ¶30. Thus, a decision here on the sufficiency of the evidence to support a three-year-old, expired recommitment order that itself has been replaced by another expired order is not of great public importance, would not be essential to guide future courts, and is unlikely to arise again.

¶11 Moreover, ***D.J.W.*** arguably does not even apply to T.L.T. given that it was decided after the recommitment order at issue here and, therefore, ***D.J.W.*** would not be clarified through a decision on T.L.T.'s order. *See **D.J.W.***, 391 Wis. 2d 231, ¶3 (describing the holding as "going forward"). Even assuming ***D.J.W.*** did apply, a decision in this matter would not be mandatory authority in future cases and, thus, can hardly be said to be a decision on a matter of great public import, essential for guiding future courts, or any of the other mootness exceptions. *See* WIS. STAT. RULE 809.23(3). As with T.L.T.'s first argument, a

---

[5] As this court stated in its June 30, 2020 order, moving to have this appeal heard by a three-judge panel would have been "a logical step because an appeal which presents issues that warrant a decision despite mootness is usually a candidate for publication." In fact, this court ordered that the "first issue" in the appellate briefs "shall be whether the appellate issue(s) should be considered despite mootness."

decision on the sufficiency of the evidence to support T.L.T.'s own, expired recommitment order does not meet any of the exceptions to mootness listed above.

¶12 For the reasons stated above, this court concludes that T.L.T.'s appeal is moot and declines to reach the merits of T.L.T.'s appeal.

*By the Court.*—Appeal dismissed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)4.