Michael J. WALDVOGEL TRUCKING, LLC,
Petitioner-Respondent-Petitioner,

v.

STATE OF WISCONSIN LABOR AND INDUSTRY REVIEW
COMMISSION, Respondent-Appellant,

Daniel M. BERCEAU, Respondent.[2]

Supreme Court

*No. 2011AP329–FT. Oral argument March 6, 2012.
—Decided March 21, 2012.*

2012 WI 28

(Also reported in 810 N.W.2d 811.)

† Motion for Reconsideration denied 5/30/2012.

248

For the petitioner-respondent-petitioner there were briefs by *John B. Rhode* and *Sommer, Olk, Schroeder & Payant LLP,* Antigo, and oral argument by *John B. Rhode.*

For the respondent-appellant, Labor and Industry Review Commission, there was a brief and oral argument by *William S. Sample.*

¶ 1. PER CURIAM. On December 1, 2011, we granted Michael J. Waldvogel Trucking, LLC's (Waldvogel Trucking) petition for review of an unpublished decision of the court of appeals, *Michael J. Waldvogel Trucking, LLC v. LIRC,* No. 2011AP329–FT, unpublished slip op. (Wis. Ct. App. June 28, 2011), that reversed an order by the Langlade County Circuit Court[1] reversing the Labor and Industry Review Commission's (LIRC) determination that Daniel Berceau (Berceau) is eligible for unemployment benefits.

¶ 2. After reviewing the record and the parties' briefs, and after hearing oral argument, we conclude that Waldvogel Trucking's petition for review was improvidently granted.

¶ 3. For purposes of explaining our decision, we briefly relate the following undisputed facts. Beginning in January 2008, Berceau was employed by Waldvogel Trucking as a dairy transport driver, a position that

---

[1] The Honorable Fred W. Kawalski presided.

required Berceau to maintain a valid commercial driver's license. In May 2009, due to lack of work, Berceau was laid off indefinitely. Three months later, however, on August 12, 2009, Waldvogel Trucking recalled Berceau. Pursuant to both federal law and company policy, Berceau was required to submit to a pre-employment drug test. Berceau tested positive for marijuana metabolites. Consequently, on August 18, 2009, Waldvogel Trucking discharged Berceau.

¶ 4. Berceau filed for unemployment benefits. Rejecting Waldvogel Trucking's argument that Berceau was discharged for "misconduct connected with [his] work" under Wis. Stat. § 108.04(5) (2009–10),[2] LIRC concluded that Berceau was eligible for unemployment benefits.

¶ 5. The circuit court disagreed, and Berceau appealed. The court of appeals then reversed the order of the circuit court and remanded the cause for reinstatement of LIRC's decision.

¶ 6. Waldvogel Trucking petitioned this court for review, asking us to answer a single question: whether an employee, recalled from an indefinite lay-off, is eligible for unemployment benefits when he renders himself ineligible for his job by using illegal drugs. We granted Waldvogel Trucking's petition for review and heard oral argument on March 6, 2012.

¶ 7. Upon further reflection, however, we conclude that the petition for review was improvidently granted. Wisconsin Stat. § 108.04(8)(a) provides, in relevant part, that an employee is ineligible for unemployment benefits for a stated period if the employee "fails, without good cause, to accept suitable work when

---

[2] All subsequent references to the Wisconsin Statutes are to the 2009–10 version unless otherwise indicated.

offered . . . ." On June 26, 2011, the legislature created § 108.04(8)(b). 2011 Wis. Act 32, § 2403t. Section 108.04(8)(b)1.b. clarifies that an employee's failure to accept an offer of work under subsection (8)(a) includes "[t]he employer's withdrawal of or failure to extend an offer of work due to a positive test result" for illegal drugs. *See id.* Section 108.04(8)(b) went into effect on July 1, 2011. *See id.*, §§ 9354(2q), 9400.

¶ 8. Given the legislature's enactment of Wis. Stat. § 108.04(8)(b), the issue presented by Waldvogel Trucking's petition for review is not likely to recur. *See* Wis. Stat. § (Rule) 809.62(1r)(c)3. Because a decision by this court in the instant case would not develop or clarify the law, *see* § 809.62(1r)(c), we conclude that Waldvogel Trucking's petition for review was improvidently granted.

¶ 9. *By the Court.*—The review of the decision of the court of appeals is dismissed as improvidently granted.

¶ 10. Justice PATIENCE DRAKE ROGGEN-SACK dissents.