PER CURIAM.
f 1. On April 6, 2016 we granted R&B Construction, Inc.'s petition for review of an unpublished decision of the Court of Appeals.[1] Briefing *717 of the parties and of the amicus, Wisconsin Defense Counsel, Inc., were timely completed, and on October 18, 2016, the court held oral argument.
¶ 2. The petition for review asked the court to decide: (1) whether a third-party complaint may state a claim for which an insurance company has a duty to defend when the third-party plaintiff was sued for misrepresentation by the first-party plaintiff; (2) whether a third-party defendant may supplement the third-party complaint with additional facts when the third-party defendant seeks a defense from its insurance company; and (3) whether summary judgment denying a claim for defense conclusively concludes the duty to defend question, notwithstanding subsequent developments in the lawsuit.
¶ 3. The circuit court granted summary judgment to West Bend Mutual Insurance Company.[2] The circuit court concluded that there was no initial grant of coverage and also, if there were an initial grant of coverage, the policy exclusions prevented coverage for the claims for which R&B Construction sought defense. Therefore, West Bend Mutual had no duty to defend. The circuit court dismissed West Bend Mutual from the lawsuit and R&B appealed.
¶ 4. In considering R&B's claim that West Bend Mutual had a duty to defend R&B, the Court of Appeals decided no defense was due based solely on its conclusion that there was no initial grant of coverage for the injury from which a duty to defend could arise.[3] However, that was not the only argument that West Bend Mutual made to the Court of Appeals. West Bend *718 Mutual also asserted that if the Court of Appeals concluded that there was an initial grant of coverage, the policy exclusions obviated coverage and therefore, there was no duty to defend.
¶ 5. The petition for review and the responses presented to us during our review focused on the Court of Appeals decision. Therefore, they were limited to whether there was an initial grant of coverage under the policy. No party argued that if there was an initial grant of coverage, the policy exclusions nevertheless precluded coverage. Therefore, no party challenged the circuit court's conclusion that the policy exclusions precluded coverage, a conclusion that the Court of Appeals' decision left in place because the Court of Appeals did not address policy exclusions.
¶ 6. In 2016, we decided Water Well Sol. Serv. Group, Inc. v. Consolidated Ins. Co., 2016 WI 54, 369 Wis. 2d 607, 881 N.W.2d 285. One of the questions presented in Water Well was whether a four-corners analysis required interpretation of the entire policy, i.e., whether there was an initial grant of coverage and whether any exclusion or exception affected coverage. Id., ¶ 2. We concluded that when a claim for defense is made, courts must interpret the entire policy - including any grant of coverage and all applicable exclusions and exceptions to exclusions that bear on coverage. Id., ¶¶ 2-3 (citing Marks v. Houston Cas. Co., 2016 WI 53, ¶¶ 61-76, 369 Wis. 2d 547, 881 N.W.2d 309).
f 7. In the case now before us, if we were to stop our analysis after determining that there was an initial grant of coverage, the parties would not receive a full four-corners analysis. Our decision could be viewed as retreating from the clear directive we gave in Water Well where we said, "under the four-corners rule the entire policy must be examined, including the *719 coverage-granting clauses, exclusions, and exceptions to any applicable exclusions." Id., ¶ 2.
¶ 8. Our decision also would create confusion because the circuit court concluded that the "Your Work" exclusion precluded coverage, and that decision was not overturned by the Court of Appeals. Before us, neither party briefed or argued that coverage was precluded by a policy exclusion. Therefore, were we to follow the lead of the parties and the Court of Appeals and not address exclusions and any applicable exceptions to exclusions, a question would remain about whether West Bend Mutual had a duty to defend R&B because the circuit court concluded that an exclusion precluded coverage under the West Bend policy.
¶ 9. Accordingly, because there are coverage questions for which no argument or briefing was provided to us and because deciding only whether there is a grant of coverage will cause confusion and provide no answer to the parties on how they are to proceed, we conclude that the petition for review was improvidently decided.
By the Court.—The review of the decision of the court of appeals is dismissed as improvidently granted.
f 10. ANNETTE KINGSLAND ZIEGLER and REBECCA GRASSL BRADLEY, JJ., did not participate.

 Smith v. Anderson, No. 2015AP79, unpublished slip op. (Wis. Ct. App. Dec. 22, 2015).

 The Honorable Pedro A. Colon of Milwaukee County presided.

 Smith v. Anderson, No. 2015AP79, unpublished slip op., ¶¶ 16-17 (Wis. Ct. App. Dec. 22, 2015).