# SUPREME COURT OF WISCONSIN

| | |
|---|---|
| CASE NO.: | 2020AP128 |

| | |
|---|---|
| COMPLETE TITLE: | Robert L. Slamka, <br>       Petitioner-Appellant-Petitioner, <br>    v. <br> General Heating and Air Conditioning Inc. and <br> Wisconsin Employment Relations Commission, <br>       Respondents-Respondents. |

REVIEW OF DECISION OF THE COURT OF APPEALS
Reported at 397 Wis. 2d, 959 N.W.2d 89
(2021 – unpublished)

| | |
|---|---|
| OPINION FILED: | November 4, 2022 |
| SUBMITTED ON BRIEFS: | |
| ORAL ARGUMENT: | September 9, 2022 |

| | |
|---|---|
| SOURCE OF APPEAL: | |
|   COURT: | Circuit |
|   COUNTY: | Dane |
|   JUDGE: | Mario White |

| | |
|---|---|
| JUSTICES: | |

Per curiam. ANN WALSH BRADLEY, J., filed a concurring opinion, in which DALLET, J., joined.
NOT PARTICIPATING:

ATTORNEYS:

For the petitioner-appellant-petitioner, there were briefs filed by *Walter W. Stern III* and *Walter W. Stern & Associates*, Kenosha. There was an oral argument by *Walter W. Stern III*.

For respondent-respondent General Heating and Air Conditioning Inc., there was a brief filed by *Daniel A. Kaplan, Scott T. Allen*, and *Foley & Lardner LLP*, Madison. There was an oral argument by *Daniel A. Kaplan*.

For respondent-respondent Wisconsin Employment Relations Commission, there was a brief filed by *Steven C. Kilpatrick,* assistant attorney general, with whom on the brief was *Joshua L. Kaul*, attorney general. There was an oral argument by *Steven C. Kilpatrick,* assistant attorney general.

NOTICE

**This opinion is subject to further editing and modification. The final version will appear in the bound volume of the official reports.**

No.   2020AP128
(L.C. No.  2019CV1704)

STATE OF WISCONSIN                    :          IN SUPREME COURT

**Robert L. Slamka,**

     **Petitioner-Appellant-Petitioner,**

     **v.**

**General Heating and Air Conditioning Inc. and Wisconsin Employment Relations Commission,**

     **Respondents-Respondents.**

**FILED**

**NOV 4, 2022**

Sheila T. Reiff
Clerk of Supreme Court

---

REVIEW of a decision of the Court of Appeals. *Dismissed as improvidently granted.*

¶1    PER CURIAM.    Robert Slamka petitioned for review of a decision of the court of appeals, Slamka v. General Heating & Air Conditioning Inc., No. 2020AP128, unpublished slip op. (Wis. Ct. App. Mar. 11, 2021) (per curiam), that affirmed an order of the circuit court affirming the Wisconsin Employment Relations Commission's decision to dismiss Slamka's complaint against General Heating and Air Conditioning, Inc. under Wis. Stat. § 111.04(3)(a) (2017-18).   After reviewing the record and the briefs, and after hearing oral arguments, we conclude that this matter should be dismissed as improvidently granted.

*By the Court.*—The review of the decision of the court of appeals is dismissed as improvidently granted.

¶2 ANN WALSH BRADLEY, J. *(concurring)*. I write separately because I believe that this court should explain to the litigants and the public the reason for its dismissal. The litigants, after all, have expended substantial effort and resources arguing the case before us.

¶3 We granted review in order to address what we then thought was an issue that would result in the development of the law. And now, without explanation, the court disposes of the case in a terse per curiam decision, dismissing the case as improvidently granted. An examination of such dismissals in recent years reveals a largely inconsistent practice with regard to whether this court provides any explanation for its decision.[1]

¶4 The result of the court's inconsistent practice is a lack of guidance for potential litigants and the public, as well as an effective negation of the numerous hours of work and sums of money spent seeking a decision on the merits. Because there

---

[1] For examples of dismissals without explanation, see Cobb v. King, 2022 WI 59, 403 Wis. 2d 198, 976 N.W.2d 410; Fond du Lac County v. S.N.W., 2021 WI 41, 396 Wis. 2d 773, 958 N.W.2d 530; State v. Kloss, 2020 WI 26, 390 Wis. 2d 685, 939 N.W.2d 564; Waukesha County v. J.J.H., 2020 WI 22, 390 Wis. 2d 531, 939 N.W.2d 49; Halbman v. Barrock, 2017 WI 91, 378 Wis. 2d 17, 902 N.W.2d 248.

In contrast, for examples of explanations provided by the court for a dismissal as improvidently granted, see Smith v. Anderson, 2017 WI 43, 374 Wis. 2d 715, 893 N.W.2d 790; Michael J. Waldvogel Trucking, LLC v. LIRC, 2012 WI 28, 339 Wis. 2d 248, 810 N.W.2d 811; Nedvidek v. Kuipers, 2009 WI 44, 317 Wis. 2d 340, 766 N.W.2d 205; State v. Welda, 2009 WI 35, 317 Wis. 2d 87, 765 N.W.2d 555; State v. Gajewski, 2009 WI 22, 316 Wis. 2d 1, 762 N.W.2d 104; State v. Townsend, 2007 WI 31, 299 Wis. 2d 672, 728 N.W.2d 342.

is a strong public policy rationale behind providing reasons for a dismissal as improvidently granted, the court's general practice should be to provide an explanation for such a dismissal, and as such it should have provided an explanation in this case.

¶5  After reviewing the court of appeals opinion, together with the record and the briefs, and after hearing oral arguments, I agree with the per curiam that this review should be deemed improvidently granted because the issue for which we took this case will not lead to any further development of the law.  See Wis. Stat. § (Rule) 809.62(1r) (2019-20).  Thus, further review by this court and publication of an opinion would not serve any meaningful purpose.

¶6  Accordingly, I respectfully concur.

¶7  I am authorized to state that Justice REBECCA FRANK DALLET joins this concurrence.

2