# SUPREME COURT OF WISCONSIN

| | |
|---|---|
| CASE NO.: | 2022AP13 |

| | |
|---|---|
| COMPLETE TITLE: | Amazon Logistics, Inc.,<br>   Plaintiff-Respondent-Petitioner,<br>  v.<br>Labor and Industry Review Commission,<br>   Defendant-Appellant,<br>Department of Workforce Development UI<br>Div. Bureau of Legal Affairs,<br>   Defendant-Co-Appellant. |

REVIEW OF DECISION OF THE COURT OF APPEALS
Reported at 407 Wis. 2d 807, 992 N.W.2d 168
(2023 – published)

| | |
|---|---|
| OPINION FILED: | March 26, 2024 |
| SUBMITTED ON BRIEFS: | |
| ORAL ARGUMENT: | December 19, 2023 |

| | |
|---|---|
| SOURCE OF APPEAL: | |
|  COURT: | Circuit |
|  COUNTY: | Waukesha |
|  JUDGE: | Michael O. Bohren |

JUSTICES:
PER CURIAM.
NOT PARTICIPATING:
BRIAN HAGEDORN, J.

ATTORNEYS:

For the plaintiff-respondent-petitioner, there were briefs filed by *Erik K. Eisenmann, Emily Logan Stedman, and Husch Blackwell LLP, Milwaukee; Michael E. Kenneally* (pro hac vice), *Stephanie Schuster* (pro hac vice), *Brendan J. Anderson* (pro hac vice), and *Morgan, Lewis & Bockius LLP, Washington, DC; Christopher Ramsey* (pro hac vice), and *Morgan, Lewis & Bockius LLP, Pittsburgh, PA.* There was an oral argument by *Michael E. Kenneally*

For the defendant-appellant, there was a brief filed by *Jennifer P. Carter,* and *Wisconsin Labor and Industry Review Commission, Madison*. There was an oral argument by *Jennifer P. Carter*.

For the defendant-co-appellant, there was a brief filed by *Christin L. Galinat, Ryan X. Farrell,* and *Department of Workforce Development, Madison*. There was an oral argument by *Ryan X. Farrell*.

An amicus curiae brief was filed by *Nathan J. Kane, Scott E. Rosenow, and WMC Litigation Center, Madison,* on behalf of Wisconsin Manufacturers & Commerce, Inc.

An amicus curiae brief was filed by *Brenda Lewison,* and *Legal Action of Wisconsin Inc., Milwaukee,* on behalf of Legal Action of Wisconsin, Inc.

NOTICE

**This opinion is subject to further editing and modification. The final version will appear in the bound volume of the official reports.**

No. 2022AP13
(L.C. No. 2020CV579)

STATE OF WISCONSIN      :      IN SUPREME COURT

Amazon Logistics, Inc.,

    Plaintiff-Respondent-Petitioner,

  v.

Labor and Industry Review Commission,

    Defendant-Appellant,

Department of Workforce Development UI

Div. Bureau of Legal Affairs,

    Defendant-Co-Appellant.

**FILED**

**MAR 26, 2024**

Samuel A. Christensen
Clerk of Supreme Court

---

REVIEW of a decision of the Court of Appeals. *Dismissed as improvidently granted.*

¶1 PER CURIAM. Amazon Logistics petitioned for review of the decision of the court of appeals, Amazon Logistics, Inc. v. LIRC, 2023 WI App 26, 407 Wis. 2d 807, 992 N.W.2d 168, affirming LIRC's decision that Amazon Logistics' Flex delivery drivers do not qualify as independent contractors under Wis. Stat. § 108.02(12). After reviewing the record and briefs from all of the parties, and after hearing oral arguments on December

19, 2023, we conclude that this matter should be dismissed as improvidently granted.

*By the Court.*—The review of the decision of the court of appeals is dismissed as improvidently granted.

¶2   BRIAN HAGEDORN, J., did not participate.

¶3   ANN WALSH BRADLEY, J.   *(concurring).*   As I have done in the past, I write separately because I believe that this court should explain to the litigants and the public the reason for its dismissal.  It is the least we can do when the litigants have expended substantial effort and resources arguing the case before us.

¶4   We granted review in order to address what we then thought was an issue that would result in the development of the law.  And now, without explanation, the court disposes of the case in a two-sentence per curiam decision, dismissing the case as improvidently granted.  Such a dearth of explanation has been the court's pattern for the past seven years.  But this was not always so.  A wider examination of such dismissals reveals a largely inconsistent practice with regard to whether this court provides any explanation for its decision when it dismisses a case as improvidently granted.[1]

---

[1] For examples of dismissals without explanation, see State v. Jackson, 2023 WI 37, 407 Wis. 2d 73, 989 N.W.2d 555; Slamka v. Gen. Heating and Air Conditioning Inc., 2022 WI 68, 404 Wis. 2d 586, 980 N.W.2d 957; Cobb v. King, 2022 WI 59, 403 Wis. 2d 198, 976 N.W.2d 410; Fond du Lac County v. S.N.W., 2021 WI 41, 396 Wis. 2d 773, 958 N.W.2d 530; State v. Kloss, 2020 WI 26, 390 Wis. 2d 685, 939 N.W.2d 564; Waukesha County v. J.J.H., 2020 WI 22, 390 Wis. 2d 531, 939 N.W.2d 49; Halbman v. Barrock, 2017 WI 91, 378 Wis. 2d 17, 902 N.W.2d 248.

1

¶5 The result of the court's inconsistent practice is a lack of guidance for potential litigants and the public, as well as an effective negation of the numerous hours of work and sums of money spent seeking a decision on the merits. Because there is a strong public policy rationale behind providing reasons for a dismissal as improvidently granted, the court's general practice should be to provide an explanation for such a dismissal, and as such it should have provided an explanation in this case.

¶6 After reviewing the court of appeals opinion, together with the record and the briefs, and after hearing oral arguments, I agree with the per curiam that this review should be deemed improvidently granted because the issues for which we took this fact-dependent case will not lead to any further development of the law. See Wis. Stat. § (Rule) 809.62(1r). Thus, further review by this court and publication of an opinion would not serve any meaningful purpose.

¶7 Accordingly, I respectfully concur.

¶8 I am authorized to state that Justices REBECCA FRANK DALLET and JANET C. PROTASIEWICZ join this concurrence.

---

In contrast, for examples of explanations provided by the court for a dismissal as improvidently granted, see Smith v. Anderson, 2017 WI 43, 374 Wis. 2d 715, 893 N.W.2d 790; Michael J. Waldvogel Trucking, LLC v. LIRC, 2012 WI 28, 339 Wis. 2d 248, 810 N.W.2d 811; Nedvidek v. Kuipers, 2009 WI 44, 317 Wis. 2d 340, 766 N.W.2d 205; State v. Welda, 2009 WI 35, 317 Wis. 2d 87, 765 N.W.2d 555; State v. Gajewski, 2009 WI 22, 316 Wis. 2d 1, 762 N.W.2d 104; State v. Townsend, 2007 WI 31, 299 Wis. 2d 672, 728 N.W.2d 342.

¶9 REBECCA GRASSL BRADLEY, J. *(concurring).* When this court decides to dismiss a case as improvidently granted, customarily it does not offer an explanation for the dismissal. Justice Ann Walsh Bradley's concurrence renews her arguments made in her dissent in State v. Jackson, 2023 WI 37, 407 Wis. 2d 72, 989 N.W.2d 555, urging the court to change this practice and provide the reasons for dismissal. She again argues there is a "strong public policy rationale" to do so. Justice Ann Walsh Bradley's Concurrence, ¶5. Just as in Jackson, her concurrence does not grapple with the countervailing reasons to withhold an explanation and exemplifies why changing this practice would result in more confusion for litigants.

¶10 In her concurrence, Justice Ann Walsh Bradley reiterates her claim that this court's practice of dismissing cases as improvidently granted is inconsistent "with regard to whether this court provides any explanation for its decision[.]" Id., ¶4. This claim was rebutted in Jackson, 407 Wis. 2d 73, ¶¶4-5 (Rebecca Grassl Bradley, J., concurring), and Justice Ann Walsh Bradley has provided no new information to establish an inconsistency in this court's practice.[1] As I have previously documented, Justice Ann Walsh Bradley "may lament the no-explanation trend, but calling the court's practice 'inconsistent' flies in the face of the facts." Id., ¶5.

---

[1] In this concurrence, Justice Ann Walsh Bradley lists a nearly identical collection of cases as referenced in her Jackson dissent. State v. Jackson, 2023 WI 37, ¶15 n.2, 407 Wis. 2d 73, 989 N.W.2d 555 (Ann Walsh Bradley, J., dissenting).

¶11 This court's custom of issuing per curiam decisions dismissing cases as improvidently granted is standard practice. "When courts of last resort dismiss a petition, they customarily do not explain why, although courts have at times exercised their discretion to make exceptions to this practice on a case by case basis." Id., ¶6 (citing 5 Am. Jur. 2d Appellate Review § 347 (updated Feb. 2023)). The United States Supreme Court will dismiss a case as improvidently granted without explanation, typically in a one-sentence order.[2] Justice Ann Walsh Bradley "does not suggest this case warrants an exception to our [customary] practice; [she] argues explanations should accompany all dismissals." Id. She therefore "bears the burden of examining why the practice exists and then explaining why it should be rejected[.]" Id., ¶7 (quoting G.K. Chesterton, The Thing: Why I am Catholic 27 (Dodd, Mead and Co. 1930)). Just as in Jackson, Justice Ann Walsh Bradley fails to do so.

¶12 Justice Ann Walsh Bradley suggests a per curiam opinion dismissing a case without an accompanying explanation is a "negation of the numerous hours of work and sums of money spent seeking a decision on the merits." Justice Ann Walsh Bradley's Concurrence, ¶5. The conclusory explanation Justice

---

[2] E.g., Arizona v. City & Cnty. of San Francisco, 596 U.S. 763 (2022) (per curiam); Henry Schein, Inc. v. Archer & White Sales, Inc., 592 U.S. 168 (2021) (per curiam); Dalmazzi v. United States, 585 U.S. 527 (2018) (per curiam); Duncan v. Owens, 577 U.S. 189 (2016) (per curiam); Unite Here Local 355 v. Mulhall, 571 U.S. 83 (2013) (per curiam); Vasquez v. United States, 566 U.S. 376 (2012) (per curiam); Sullivan v. Florida, 560 U.S. 181 (2010) (per curiam); Bell v. Kelly, 555 U.S. 55 (2008) (per curiam); Maryland v. Blake, 546 U.S. 72 (2005) (per curiam).

Ann Walsh Bradley offers does not, however, restore the hours worked or money spent on this case by the parties. Providing an illusory explanation might make some justices feel better about dismissing cases as improvidently granted, but such an explanation does not help litigants or vindicate their efforts. A shallow explanation of the court's reason for dismissing a case as improvidently granted amounts to nothing more than a hollow victory for one party and provides nothing for future litigants.

¶13 Justice Ann Walsh Bradley asserts "this fact-dependent case will not lead to any further development of the law." Justice Ann Walsh Bradley's Concurrence, ¶6. But her attempt to provide clarity to the parties will only sow additional confusion. "Without some explanation as to why the court's review of the case would not develop any law, the conclusory order recommended by [Justice Ann Walsh Bradley] would not promote transparency." Jackson, 407 Wis. 2d 73, ¶11 (Rebecca Grassl Bradley, J., concurring). Parties may be left scratching their heads, believing their case would lead to law development. Justice Ann Walsh Bradley "does not recognize that merely declaring a petition lacks law-developing potential is itself a holding with law-developing potential. Even if not binding, it hints this court would not distinguish or overrule an existing precedent." Id., ¶10 (citations omitted). Instead of injecting needless confusion into the process, this court should stay the traditional course.

3

¶14 There are several reasons courts of last resort typically do not supply a reason for dismissing a case. For one thing, this tradition preserves limited judicial resources. "For example, if this court determines the lower court reached the correct outcome, further review can be a waste of time." Id., ¶8 (citation omitted). Additionally, providing litigants an explanation for dismissal "presupposes a majority of this court in a particular case would agree on why a petition should be dismissed. Often, no such majority exists." Id., ¶9. If a justice disagrees with the reasoning for dismissal, the justice may write separately, possibly leading other justices to write separately in response. On the other hand, "[a] broadly-worded order without a specific reason for dismissal facilitates joinder," avoiding any waste of judicial resources. Id. The traditional route also avoids "undermining the very decision not to decide" a case: "If this court declines to decide an issue, explaining the avoidance could inadvertently create persuasive authority on the issue . . . ." Id., ¶8.

¶15 When this court issues a per curiam opinion dismissing a case as improvidently granted, the opinion should be short and formulaic without unnecessary explanations that could mislead litigants. This directive mirrors the practice of the United States Supreme Court and maintains the status quo of this court's recent practice. Justice Ann Walsh Bradley offers no convincing reason to depart from this court's custom.

¶16 I am authorized to state that Chief Justice ANNETTE KINGSLAND ZIEGLER joins this concurrence.

4