# SUPREME COURT OF WISCONSIN

| | |
|---|---|
| CASE NO.: | 2023AP215 |

| | |
|---|---|
| COMPLETE TITLE: | In the matter of the mental commitment of D.E.W.: |

Winnebago County,
      Petitioner-Respondent,
    v.
D. E. W.,
      Respondent-Appellant-Petitioner.

REVIEW OF DECISION OF THE COURT OF APPEALS

| | |
|---|---|
| OPINION FILED: | May 14, 2024 |
| SUBMITTED ON BRIEFS: | |
| ORAL ARGUMENT: | March 20, 2024 |

| | |
|---|---|
| SOURCE OF APPEAL: | |
| COURT: | Circuit |
| COUNTY: | Winnebago |
| JUDGE: | Scott C. Woldt |

| | |
|---|---|
| JUSTICES: | |
| Per Curiam. | |
| NOT PARTICIPATING: | |

ATTORNEYS:

For the respondent-appellant-petitioner, there were briefs filed by *Christopher P. August*, assistant state public defender. There was an oral argument by *Christopher P. August*, assistant state public defender.

For the petitioner-respondent there was a brief filed by *Catherine B. Scherer*, assistant corporation counsel. There was an oral argument by *Catherine B. Scherer*, assistant corporation counsel.

An amicus curiae brief was filed by *Andrew T. Phillips*, *Matthew J. Thome*, and *Attolles Law, S.C., Milwaukee*, on behalf of Wisconsin Counties Association.

**2024 WI 21**

NOTICE

**This opinion is subject to further editing and modification. The final version will appear in the bound volume of the official reports.**

No.  2023AP215
(L.C. No.  2022ME335)

STATE OF WISCONSIN            :            IN SUPREME COURT

In the matter of the mental commitment of
D.E.W.:


**FILED**

**Winnebago County,**

  **Petitioner-Respondent,**

**MAY 14, 2024**

  **v.**

Samuel A. Christensen
Clerk of Supreme Court

**D. E. W.,**

  **Respondent-Appellant-Petitioner.**

---

REVIEW of a decision of the Court of Appeals.  *Dismissed as improvidently granted.*

¶1 PER CURIAM.  D.E.W. petitioned for review of a decision of the court of appeals, <u>Winnebago County v. D.E.W.</u>, No. 2023AP215, unpublished slip op. (Wis. Ct. App. July 26, 2023), which affirmed an order of the circuit court granting Winnebago County's petition to involuntarily medicate him. After reviewing the record and the briefs, and after hearing oral arguments, we conclude that this matter should be dismissed as improvidently granted.

*By the Court.*—The review of the decision of the court of appeals is dismissed as improvidently granted.

¶2 REBECCA GRASSL BRADLEY, J. *(concurring)*. Justice Rebecca Dallet reprises similar arguments earlier advanced by Justice Ann Walsh Bradley regarding this court's treatment of cases dismissed as improvidently granted.[1] Offering nothing more than a generalized invocation of a "strong public policy rationale," Justice Dallet fails to justify a departure from this court's custom of dismissing cases as improvidently granted without commentary. Justice Dallet's concurrence, ¶10.

¶3 In response to Justice Ann Walsh Bradley's most recent advocacy for explanatory per curiam opinions in cases dismissed as improvidently granted, I observed, "[a] shallow explanation of the court's reason for dismissing a case as improvidently granted amounts to nothing more than a hollow victory for one party and provides nothing for future litigants." Amazon Logistics, Inc. v. LIRC, 2024 WI 15, ¶12, ___ Wis. 2d ___, ___ 18 N.W.3d ___ (Rebecca Grassl Bradley, J., concurring). In my concurrence in Amazon, I noted that our practice of withholding an explanation for dismissals mirrors the United States Supreme Court's custom, id., ¶11, and reiterated multiple reasons militating against more expansive opinions in dismissed cases. Id., ¶14. To suggest, as Justice Dallet does, that a per curiam

---

[1] Amazon Logistics, Inc. v. LIRC, 2024 WI 15, ¶3, ___ Wis. 2d ___, ___ 18 N.W.3d ___ (Ann Walsh Bradley, J., concurring); State v. Jackson, 2023 WI 37, ¶15, 407 Wis. 2d 73, 989 N.W.2d 555 (Ann Walsh Bradley, J., dissenting); Slamka v. Gen. Heating & Air Conditioning Inc., 2022 WI 68, ¶4, 404 Wis. 2d 586, 980 N.W.2d 957 (Ann Walsh Bradley, J., concurring); Cobb v. King, 2022 WI 59, ¶3, 403 Wis. 2d 198, 976 N.W.2d 410 (Ann Walsh Bradley, J., concurring); Fond du Lac County v. S.N.W., 2021 WI 41, ¶3, 396 Wis. 2d 773, 958 N.W.2d 530 (Ann Walsh Bradley, J., dissenting).

should explain why the court dismisses a case as improvidently granted sounds beneficial in theory but in practice would only confuse attorneys, judges, and litigants.

¶4 In certain situations, a majority may not agree on the legal rationale for dismissing a particular case without a decision. Attempting to craft a potentially fractured rationale would not benefit the parties. Additionally, a more detailed explanation of this court's decision to dismiss a case as improvidently granted could inadvertently develop legal holdings cited by future litigants as a basis for dismissing cases as improvidently granted. When we grant a petition for review, we expect the parties to make legal arguments on the issues presented; expanding our explanations for dismissing a case could distract from the substantive issues in favor of tactical arguments.

¶5 I join the per curiam opinion of the court but concur to once again[2] rebut the misconception that more detailed explanations supporting dismissal of a case as improvidently granted would provide greater clarity for parties or their attorneys.

¶6 I am authorized to state that Chief Justice ANNETTE KINGSLAND ZIEGLER and Justice BRIAN HAGEDORN join this concurrence.

---

[2] Amazon, 2024 WI 15, ¶14 (Rebecca Grassl Bradley, J., concurring); State v. Jackson, 407 Wis. 2d 73, ¶9 (Rebecca Grassl Bradley, J., concurring).

¶7 REBECCA FRANK DALLET, J. *(dissenting)*. I would not dismiss this case as improvidently granted. Like all sufficiency-of-the-evidence cases, the issues raised here are necessarily fact-specific. Nonetheless, there are questions about whether the County met its burden to prove by clear and convincing evidence that D.E.W. received an adequate explanation of the advantages and disadvantages of the particular medications the County sought to administer involuntarily. See Wis. Stat. § 51.61(1)(g)4. I agree with D.E.W. that a decision resolving those questions may help clear up potential uncertainty in circuit courts and the court of appeals about the interplay between Outagamie County v. Melanie L., 2013 WI 67, 349 Wis. 2d 148, 833 N.W.2d 607, and Winnebago County v. Christopher S., 2016 WI 1, 366 Wis. 2d 1, 878 N.W.2d 109. See Wis. Stat. § (Rule) 809.62(1r). Accordingly, I respectfully dissent.

¶8 I also write separately to make two additional points. First, although the parties did not address the issue in their briefs, in a future case we may need to resolve the issue of whether physicians' reports prepared in recommitment or involuntary medication cases like this one need to be admitted into evidence to be considered by the circuit court.

¶9 In this recommitment and involuntary medication case, the examining physician prepared a report that was never admitted into evidence listing the particular medications the County sought to administer and summarizing the advantages, disadvantages, and potential side-effects of those

1

medications. If this were instead an initial commitment proceeding, then under Wis. Stat. § 51.20(9)(a), that report would have been created by court-appointed physicians and filed with the circuit court. Because such reports are court-ordered and filed, the court of appeals has concluded that the circuit court may rely on them even if they are not admitted into evidence. See Outagamie County v. L.X.D.-O., 2023 WI App 17, ¶34, 407 Wis. 2d 441, 991 N.W.2d 518. But it is not clear that the same is true of physicians' reports in recommitment or involuntary medication cases like this one, which are subject to different requirements. See id., ¶¶35-36 (stating that Waukesha County v. S.L.L., 2019 WI 66, ¶24, 387 Wis. 2d 333, 929 N.W.2d 140 and Langlade County v. D.J.W., 2020 WI 41, ¶7 n.4, 391 Wis. 2d 231, 942 N.W.2d 277 require that "in a recommitment hearing . . . an examiner's report must be received into evidence to be considered by the circuit court").

¶10 Second, as Justice Ann Walsh Bradley has written in the past, I believe that this court should explain our reasons for dismissing a case as improvidently granted. See, e.g., Amazon Logistics, Inc. v. LIRC, 2024 WI 15, ¶3, 411 Wis. 2d 166, 4 N.W.3d 294 (Ann Walsh Bradley, J., concurring). As she has correctly explained, the court's recent practice of issuing terse per curiam decisions dismissing cases as improvidently granted fails to provide guidance to litigants and the public. Id., ¶5. Moreover, failing to provide such an explanation may "effective[ly] negat[e] . . . the numerous hours of work and sums of money spent seeking a decision on the merits." Id. For

2

these reasons, there is a strong public policy rationale for following our older practice of providing an explanation for such dismissals.  <u>See</u> <u>id.</u>, ¶4 & n.1.

¶11  I am authorized to state that Justice ANN WALSH BRADLEY joins this opinion.