**2025 WI 25**

# Supreme Court of Wisconsin



SCOT VAN OUDENHOVEN,
*Petitioner-Appellant-Petitioner,*

*v.*

WISCONSIN DEPARTMENT OF JUSTICE,
*Respondent-Respondent.*

No. 2023AP70-FT
Decided June 24, 2025

REVIEW of a decision of the Court of Appeals
Winnebago County Circuit Court (Teresa S. Basiliere, J.) No.
2022CV580

¶1    PER CURIAM.    Scot Van Oudenhoven petitioned for review of a decision of the court of appeals, *Van Oudenhoven v. DOJ*, 2024 WI App 38, 413 Wis. 2d 15, 10 N.W.3d 402. After reviewing the record and the briefs, and after hearing oral arguments, we conclude this matter should be dismissed as improvidently granted.

*By the Court.*—The review of the decision of the court of appeals is dismissed as improvidently granted.

REBECCA FRANK DALLET, J., with whom ANN WALSH BRADLEY, C.J., and PROTASIEWICZ , J., join, concurring.

¶2    I join the court's decision dismissing this matter as improvidently granted. I write separately to emphasize that this court should explain its reasons for such dismissals and to explain why dismissing this matter is appropriate.

¶3    As Chief Justice Ann Walsh Bradley and I have previously written, public policy strongly favors providing an explanation when the court dismisses a case as improvidently granted. *See, e.g.*, *Amazon Logistics, Inc. v. LIRC*, 2024 WI 15, ¶¶4-5, 411 Wis. 2d 166, 4 N.W.3d 294 (Ann Walsh Bradley, J., concurring); *Winnebago County v. D.E.W.*, 2024 WI 21, ¶10, 411 Wis. 2d 673, 5 N.W.3d 850 (Dallet, J., dissenting). Failing to provide an explanation for the dismissal results in a lack of guidance for litigants and the public and may effectively negate the "numerous hours of work and sums of money spent seeking a decision on the merits." *Amazon Logistics*, 411 Wis. 2d 166, ¶5 (Ann Walsh Bradley, J., concurring). The court's general practice, therefore, should be to provide an explanation for these dismissals.

¶4    Here, the court granted review to address whether under a federal law, 18 U.S.C. § 921(a)(33)(B)(ii), Van Oudenhoven is entitled to possess a firearm despite his 1994 conviction for a misdemeanor crime of domestic violence because the record of that conviction was expunged under WIS. STAT. § 973.015 (1993-94). After reviewing the administrative record, however, it appears that this case may not squarely raise that issue. For that reason, I concur with the court's decision dismissing this matter as improvidently granted.

ANNETTE KINGSLAND ZIEGLER, J., with whom REBECCA GRASSL BRADLEY, J., joins, dissenting.

¶5      Before the court is a civil case in which Scot Van Oudenhoven asks this court to determine whether an expunction[1] order, which was issued in a separate criminal case and expunged a criminal conviction from 1994, qualifies as an expunction for purposes of a federal statute, 18 U.S.C. § 921(a)(33)(B)(ii). This question arose because the Department of Justice ("DOJ") denied a firearm purchase by Van Oudenhoven. The DOJ concluded that Van Oudenhoven had been convicted of a misdemeanor crime of domestic violence, *see* 18 U.S.C § 922(g)(9),[2] and, although the conviction had been expunged in the criminal case under Wisconsin law, the DOJ determined he was still prohibited from possessing a firearm, *see* § 921(a)(33)(B)(ii).[3] To be clear, the criminal case is not before the court. The

---

[1] There are two different words for the noun form of "expunge." This writing uses "expunction," but "expungement" is also used. *See* BRYAN A. GARNER, GARNER'S DICTIONARY OF LEGAL USAGE 346 (3d ed. 2011). To be clear, the two words mean the same thing. *See Expunction of record*, BLACK'S LAW DICTIONARY 725 (12th ed. 2024).

[2] 18 U.S.C. § 922(g)(9) provides:

> (g) It shall be unlawful for any person—
>
> . . . .
>
> (9) who has been convicted in any court of a misdemeanor crime of domestic violence,
>
> to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

[3] 18 U.S.C. § 921(a)(33)(B)(ii) provides:

> A person shall not be considered to have been convicted of such an offense for purposes of this chapter if the conviction has been expunged or set aside, or is an offense for which the person has been pardoned or has had civil rights

matter before the court is a separate civil case regarding Van Oudenhoven's ability to purchase a firearm. No party disputes the validity of the expunction order; all parties agree that the expunction order cannot be collaterally attacked in this civil case.

¶6 Although this court granted Van Oudenhoven's petition for review to answer whether an expunction order issued pursuant to WIS. STAT. § 973.015 qualifies as an expunction for purposes of 18 U.S.C. § 921(a)(33)(B)(ii), received briefing on that singular question, and held oral argument, the court now dismisses this case as improvidently granted. I disagree with the court's decision to dismiss this case, as there is no basis for dismissal. The issue Van Oudenhoven raised in his petition for review is squarely presented, and addressing the issue would develop the law. The court should not dodge this issue that is properly presented. Accordingly, I dissent.

¶7 The background of this case is simple and uncontested by any party. Although this is a civil case involving the review of an agency's determination that Van Oudenhoven is prohibited by federal law from purchasing a firearm, some background regarding a separate criminal case is necessary to understand this matter. In September 1994, Van Oudenhoven was convicted of misdemeanor battery ("the 1994 battery conviction"). The victim was the mother of Van Oudenhoven's child. In May 2019, the circuit court ordered the clerk of court "to expunge the court's record of [Van Oudenhoven's] conviction" ("the 2019 expunction order"). *See* WIS. STAT. § 973.015. The validity of the 2019 expunction order is undisputed by the parties in this separate civil case, and the parties acknowledge it may not be collaterally attacked in this case.

¶8 In May 2022, Van Oudenhoven attempted to purchase a handgun. The purchase, however, was denied by the DOJ. The denial was based on the then-expunged 1994 battery conviction. The DOJ determined that 18 U.S.C. § 922(g)(9) precludes Van Oudenhoven from purchasing a firearm because, even though it was expunged under Wisconsin law, the 1994 battery conviction qualifies as a conviction for a misdemeanor crime

---

restored (if the law of the applicable jurisdiction provides for the loss of civil rights under such an offense) unless the pardon, expungement, or restoration of civil rights expressly provides that the person may not ship, transport, possess, or receive firearms.

of domestic violence under federal law. 18 U.S.C. §§ 922(g)(9), 921(a)(33)(B)(ii). The DOJ concluded that under § 921(a)(33)(B)(ii), an expunction order issued pursuant to WIS. STAT. § 973.015 does not expunge the conviction for purposes of federal law, even if the conviction is expunged under Wisconsin law.

¶9 In August 2022, Van Oudenhoven initiated this civil case by seeking judicial review of the DOJ's decision. First, Van Oudenhoven argued that the DOJ does not have the authority to deny a firearm purchase due to a buyer's conviction for a misdemeanor crime of domestic violence under 18 U.S.C § 922(g)(9). Second, Van Oudenhoven argued that his conviction may not be considered a conviction for a misdemeanor crime of domestic violence because it was expunged by the 2019 expunction order. Specifically, he pointed to language found in 18 U.S.C. § 921(a)(33)(B)(ii), which provides, in pertinent part, that "[a] person shall not be considered to have been convicted of such an offense . . . if the conviction has been expunged or set aside, or is an offense for which the person has been pardoned or has had civil rights restored."

¶10 The DOJ, in response, argued that it has the authority to deny a firearm purchase due to a buyer's conviction for a misdemeanor crime of domestic violence under 18 U.S.C § 922(g)(9). The DOJ also argued that the 1994 battery conviction qualifies as a conviction for a misdemeanor crime of domestic violence. Even if expunged under Wisconsin law, the 1994 battery conviction was not expunged for purposes of federal law, specifically 18 U.S.C. § 921(a)(33)(B)(ii). The 2019 expunction order did not expunge Van Oudenhoven's conviction for purposes of § 921(a)(33)(B)(ii) because, as the DOJ put it, the order did not "wipe out all the consequences of [the] conviction."

¶11 The circuit court rejected Van Oudenhoven's arguments and embraced the arguments made by the DOJ. "At first blush," the circuit court explained, "it appears that [Van Oudenhoven's] expunged conviction should not preclude him from a firearm purchase." But the court concluded that "since the Wisconsin [expunction] procedure does not completely remove the consequence of the conviction, [Van Oudenhoven's conviction] appears to fall outside of the [expunction] exception to the firearm restriction."

¶12 Van Oudenhoven appealed. On appeal, Van Oudenhoven raised the same two arguments he made before the circuit court. *See Van*

3

*Oudenhoven v. DOJ*, 2024 WI App 38, ¶¶2, 11, 23, 413 Wis. 2d 15, 10 N.W.3d 402.

¶13    As to the first issue Van Oudenhoven raised on appeal, the court of appeals held that the DOJ is authorized to deny a firearm purchase due to a buyer's conviction for a misdemeanor crime of domestic violence. *Id.*, ¶¶11–19. Van Oudenhoven did not raise this issue in his petition for review before this court. Accordingly, this issue is not before us.

¶14    As to the second issue Van Oudenhoven raised on appeal, the court of appeals affirmed the circuit court, concluding that Van Oudenhoven's conviction is a conviction for a misdemeanor crime of domestic violence. His conviction, according to the court of appeals, was not "expunged" as that term is used in 18 U.S.C. § 921(a)(33)(B)(ii). *Id.*, ¶23. Relying heavily on a Tenth Circuit decision, *Wyoming ex rel. Crank v. United States*, 539 F.3d 1236 (10th Cir. 2008), the court of appeals determined the terms "expunged" and "set aside" in § 921(a)(33)(B)(ii) are "synonymous[]" such that in order for a conviction to be expunged for purposes of § 921(a)(33)(B)(ii), the expunction must "'completely remove all effects of the conviction at issue.'" *Van Oudenhoven*, 413 Wis. 2d 15, ¶¶27, 29, 33 (quoting *Crank*, 539 F.3d at 1245). The court of appeals held that the 2019 expunction order did not completely remove all effects of the 1994 battery conviction. *Id.*, ¶¶38, 44. In coming to this conclusion, the court of appeals relied on this court's decision in *State v. Braunschweig*, which determined that an expunction order pursuant to WIS. STAT. § 973.015 "does not invalidate [a] conviction." 2018 WI 113, ¶22, 384 Wis. 2d 742, 921 N.W.2d 199. The court of appeals concluded that the 2019 expunction order did not did not completely remove all effects of Van Oudenhoven's conviction because the order "merely remove[d] evidence of the conviction from court files." *Van Oudenhoven*, 413 Wis. 2d 15, ¶43.

¶15    In June 2024, Van Oudenhoven petitioned this court for review. Van Oudenhoven's petition provided the following statement of the issue presented: "[w]hether an [expunction order] under Wisconsin law qualifies as an '[expunction]' as that term is used in 18 U.S.C. § 921(a)(33)(B)(ii)." Before this court, neither party raises any issues regarding the validity of the 2019 expunction order.

¶16    While this court granted the petition for review, *Van Oudenhoven v. DOJ*, No. 2023AP70-FT, unpublished order (Wis. Nov. 12, 2024), received briefing on the question presented in Van Oudenhoven's petition for review, and held oral argument, the court will not issue a

decision on the merits. The court, instead, dismisses the case as improvidently granted. The court errs in doing so.

¶17     Although this court rarely dismisses a case as improvidently granted, *Fond du Lac County v. S.N.W.*, 2021 WI 41, ¶2, 396 Wis. 2d 773, 958 N.W.2d 530 (Ann Walsh Bradley, J., dissenting), there are times when dismissing a case as improvidently granted is proper. *See State ex rel. Davis v. Cir. Ct. for Dane Cnty.*, 2024 WI 14, ¶¶79, 81–82, 411 Wis. 2d 123, 4 N.W.3d 273 (Ziegler, C.J., dissenting). "Reasons for dismissing a case as improvidently granted include when the issues for which the court took the case are not squarely presented, or when deciding the case will not ultimately result in law development." *Halter v. Wis. Interscholastic Athletic Ass'n*, 2025 WI 10, ¶69, 415 Wis. 2d 384, 19 N.W.3d 58 (Ziegler, C.J., dissenting) (footnote omitted). In this case, however, there is no reason to dismiss the case as improvidently granted.

¶18     The question for which this court granted review to answer—whether the 2019 expunction order, the validity of which no party disputes, expunged the 1994 battery conviction for purposes of 18 U.S.C. § 921(a)(33)(B)(ii)—is squarely presented in this case. No party before this court disputes that fact. Answering the question properly raised in this case would develop the law on a question of statewide importance. Neither this court nor the United States Supreme Court has authoritatively established what is required for a conviction to be expunged for purposes of § 921(a)(33)(B)(ii). *See State v. Jennings*, 2002 WI 44, ¶18, 252 Wis. 2d 228, 647 N.W.2d 142 ("All state courts . . . are bound by the decisions of the United States Supreme Court on matters of federal law." (first citing *State v. Mechtel*, 176 Wis. 2d 87, 94, 499 N.W.2d 662 (1993); and then citing *United States ex rel. Lawrence v. Woods*, 432 F.2d 1072 (7th Cir. 1970))). At this time, only a handful of courts across the country have addressed the question. *Crank*, 539 F.3d at 1245; *Jennings v. Mukasey*, 511 F.3d 894, 898–99 (9th Cir. 2007); *Bergman v. Caulk*, 938 N.W.2d 248, 251–52 (Minn. 2020); *Pa. State Police v. Drake*, 304 A.3d 801, 806–07 (Pa. Commw. Ct. 2023). Accordingly, there is no reason to dismiss this case as improvidently granted. "[W]hen issues that would develop the law are squarely presented, this court has a duty to address them." *Halter*, 415 Wis. 2d 384, ¶69 (Ziegler, C.J., dissenting) (first citing *Doe 1 v. Madison Metro. Sch. Dist.*, 2022 WI 65, ¶88, 403 Wis. 2d 369, 976 N.W.2d 584 (Roggensack, J., dissenting); then citing *Trump v. Biden*, 2020 WI 91, ¶¶110–12, 394 Wis. 2d 629, 951 N.W.2d 568 (Ziegler, J., dissenting); and then citing *Hawkins v. WEC*, 2020 WI 75, ¶32, 393 Wis. 2d 629, 948 N.W.2d 877 (Ziegler, J., dissenting)).

¶19　"When this court decides to dismiss a case as improvidently granted, customarily it does not offer an explanation for the dismissal." *Amazon Logistics, Inc. v. LIRC*, 2024 WI 15, ¶9, 411 Wis. 2d 166, 4 N.W.3d 294 (Rebecca Grassl Bradley, J., concurring).[4] Here the court does not give any explanation for the dismissal of a case that properly presents an issue of statewide importance, which is ready for a decision. Three Justices, however, concur with the court's decision to dismiss this matter as improvidently granted and provide an argument for why this case should be dismissed. *See* concurrence, ¶4. What the concurrence offers, however, is more meager than munificent. The concurrence posits—without elaboration or support in the record—that "this case may not squarely raise [the] issue" the court granted review to address. *Id.* The concurrence seems to suggest that the validity of 2019 expunction order is before the court. *See id.* But as all parties acknowledge, the criminal case is not before us and the expunction order has not been challenged in any respect. The concurrence does not offer any rationale for why this case does not squarely present the issue raised in the petition for review; indeed, the concurrence notably uses the wiggle-word "may." *Id.* The concurrence provides no basis to dismiss this case as improvidently granted.

¶20　Although the concurrence seems to suggest that the 2019 expunction order is somehow invalid, no such suggestion can be found in any arguments made before this court. In fact, the parties stipulate and agree the 2019 expunction order is valid. The DOJ has disclaimed any argument regarding the validity of the 2019 expunction order. At oral argument, counsel for the DOJ made clear the DOJ is *not* arguing that the circuit court's 2019 expunction order is invalid. Counsel for the DOJ rebuffed suggestions from the bench that this court should address the validity of the 2019 expunction order. Instead, counsel for the DOJ insisted that this court address the question *actually before it*.

¶21　Moreover, the DOJ chose not to raise any issues with the 2019 expunction order before the circuit court, the court of appeals, or this court.

---

[4] *See also State v. Jackson*, 2023 WI 37, ¶¶4–11, 407 Wis. 2d 73, 989 N.W.2d 555 (Rebecca Grassl Bradley, J., concurring) (joined by Ziegler, C.J., and Hagedorn, J.) (explaining why this court should continue to follow its traditional approach); *Winnebago County. v. D.E.W.*, 2024 WI 21, ¶¶2–5, 411 Wis. 2d 673, 5 N.W.3d 850 (Rebecca Grassl Bradley, J., concurring) (joined by Ziegler, C.J., and Hagedorn, J.) (same).

When a party fails to raise an argument before the circuit court, the argument is normally deemed forfeited and this court will not address it. *Tatera v. FMC Corp.*, 2010 WI 90, ¶19 n.16, 328 Wis. 2d 320, 786 N.W.2d 810. The court of appeals did not address the issue because "the DOJ [did] not challenge the validity of the [expunction order]." *Van Oudenhoven*, 413 Wis. 2d 15, ¶5 n.6. Generally, we do not "step out of our neutral role to develop or construct arguments for parties[.]" *Serv. Emps. Int'l Union, Loc. 1 v. Vos*, 2020 WI 67, ¶24, 393 Wis. 2d 38, 946 N.W.2d 35 (citing *State v. Pal*, 2017 WI 44, ¶26, 374 Wis. 2d 759, 893 N.W.2d 848). It is particularly inappropriate to do so in this case: The DOJ's counsel expressly disclaimed any arguments regarding the validity of the 2019 expunction order at oral argument.

¶22 If the concurrence is somehow indicating this case should be dismissed as improvidently granted because the 2019 expunction order is invalid, such an argument would be wholly inappropriate because this civil case does not provide an avenue to collaterally attack the 2019 expunction order, which was issued in a separate criminal case. *See State v. Sorenson*, 2002 WI 78, ¶35, 254 Wis. 2d 54, 646 N.W.2d 354 (stating "a collateral attack is 'an attempt to avoid, evade, or deny the force and effect of a judgment in an indirect manner and not in a direct proceeding prescribed by law and instituted for the purpose of vacating, reviewing, or annulling it'" (quoting *Zrimsek v. Am. Auto. Ins. Co.*, 8 Wis. 2d 1, 3, 98 N.W.2d 383 (1959))). At oral argument, the DOJ conceded that the expunction order is not being collaterally attacked in this case, nor can it be so attacked in this separate civil case. The validity of the 2019 expunction order is uncontroverted. As a result, this case cannot be dismissed as improvidently granted because of any insinuation that the 2019 expunction order is invalid.

¶23 As a practical matter, it is critical to address any issues regarding a circuit court's expunction order under WIS. STAT. § 973.015 in an appeal in the criminal case, not in a separate civil case. If expunction is ordered by a circuit court, and the order is not appealed by the state, "the court records for that case are destroyed by the clerk of court." *See State v. Allen*, 2017 WI 7, ¶9, 373 Wis. 2d 98, 890 N.W.2d 245. Supreme Court Rule (SCR) 72.06 provides:

> When required by statute or court order to expunge a court record, the clerk of court shall do all of the following:
>
> (1) Remove any paper index and nonfinancial court record and place them in the case file.

     (2) Electronically remove any automated nonfinancial record, except the case number.

     (3) Seal the entire case file.

     (4) Destroy expunged court records in accordance with the provisions of this chapter.

After the court records are destroyed, it is extremely difficult—if not impossible—to determine whether expunction was properly or improperly ordered.[5] There is no reason be to believe that the 2019 expunction order was the subject of a direct appeal in the criminal case. And it would seem that pursuant to WIS. STAT. § 973.015, the judicial records regarding the criminal case are no longer available and have been destroyed. Accordingly, it would be quite inventive to argue that this case cannot be heard by this court because of some flaw in the 2019 expunction order.

¶24    Dismissing this case as improvidently granted leaves the court of appeals' opinion in place with statewide precedential effect because it is entirely untouched by this court. *See Cook v. Cook*, 208 Wis. 2d 166, 186, 560 N.W.2d 246 (1997) (stating published opinions of the court of appeals have statewide precedential effect). However, if it were the validity of the 2019 expunction order that causes this court to be unable to do its job and answer the question presented, the same would seem to hold true for the court of appeals. Such an argument would then call into question the validity of the court of appeals' decision, perhaps requiring summary reversal. There is no principle in law or in logic that would allow the court of appeals to answer the question presented in this case, but preclude this court from doing so. The concurrence's apparent suggestion that somehow this court should consider the validity of the criminal 2019 expunction order, in this separate civil case, is wholly without merit in this case.

---

[5] Although court records of a conviction are destroyed following an expunction order, other entities may retain records regarding a defendant's conduct and conviction. *State v. Leitner*, 2002 WI 77, ¶41, 253 Wis. 2d 449, 646 N.W.2d 341 ("[W]e conclude that the words of WIS. STAT. § 973.015, as well as its legislative history, context, and purpose, point to the conclusion that the legislature intended § 973.015 to authorize the expunction of court records only, not other records, when the conditions set forth in § 973.015 are met.").

\* \* \*

¶25     Although this court granted Van Oudenhoven's petition for review to answer whether an expunction order issued pursuant to Wis. Stat. § 973.015 qualifies as an expunction for purposes of 18 U.S.C. § 921(a)(33)(B)(ii), received briefing on that singular question, and held oral argument, the court now dismisses this case as improvidently granted. I disagree with the court's decision to dismiss this case, as there is no basis for dismissal. The issue Van Oudenhoven raised in his petition for review is squarely presented, and addressing the issue would develop the law. The court should not dodge this issue that is properly presented. Accordingly, I dissent.

BRIAN K. HAGEDORN, J., dissenting.

¶26     This case presents a question of statutory interpretation perfectly fitting for this court's decision, and we should answer it. I respectfully dissent.